## *In re* PEARSALL.

(*Supreme Court, General Term, First Department.* January 28, 1889.)

APPEAL—REVIEW—DISCRETION OF SURROGATE.

Under Code Civil Proc. N. Y. § 2546, authorizing a surrogate in a special proceeding other than one for the probate or revocation of the probate of a will in his discretion to appoint a referee to report on a specific question of fact, subject to the confirmation of the surrogate, an order appointing a referee to report on the question of the legitimacy of the petitioner in a proceeding to revoke letters testamentary, that issue being raised by the pleadings, and material to the right of the petitioner to maintain the proceeding, is discretionary with the surrogate, and not reviewable on appeal.

Appeal from surrogate's court, New York county.

Thomas W. Pearsall filed a petition for the revocation of letters testamentary upon the estate of Samuel Wood, deceased, issued to Edward T. Schenck by the surrogate of New York county, on the ground that the same were issued on false suggestion of fact. The petitioner claimed as a vested remainder-man under a provision of the will giving a fund to Thomas Pearsall for life, to his heirs for the life of Lewis Pearsall, and at his death to the heirs of both said Lewis and Thomas; the petitioner being, as he alleged, a son of said Lewis. The answer of the executor denied the legitimacy of the petitioner, alleging that Lewis Pearsall was not married to the mother of the petitioner, whereby the latter had no interest such as to entitle him to maintain a petition for revocation of the letters testamentary. The surrogate referred the matter to a referee, to report upon the petitioner's legitimacy. From this order the executor appeals. Code Civil Proc. N. Y. § 2546, provides that a surrogate may, in his discretion, in a special proceeding other than one instituted for the probate or the revocation of the probate of a will, appoint a referee to take and report the evidence upon the facts or upon a specific question of fact, subject to the confirmation of the surrogate.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*E. Schenck,* (*Abram Wakeman,* of counsel,) for appellant. *B. E. Valentine,* for respondent.

VAN BRUNT, P. J. In the determination of this appeal it is not at all necessary to consider this application upon the merits. Under section 2546 of the Code, the surrogate, in a special proceeding like the one at bar, is empowered to appoint a referee to take and report to the surrogate the evidence upon any specific question of fact, and make a report thereon, subject, however, to the confirmation of the surrogate. This is all that the surrogate did upon the coming in of the appellant's answer to the respondent's petition in this proceeding. The appellant denied a material allegation of this petition, and the surrogate had power to determine, as far as this proceeding is concerned, whether the allegations of the petition were true or false, because upon their truth or falsity, and upon the determination of such fact, his right to proceed depended; and when the appellant denied the interest of the petitioner, the surrogate had a right to take proof upon this subject, and determine whether such interest was made out as entitled the petitioner's application to be considered. The claim that the surrogate had no power to determine this question, even if that could be considered now, is clearly without foundation, as it is only upon the existence of certain facts that the jurisdiction of the surrogate can be exercised. The surrogate having exercised the power conferred upon him by the Code for the purpose of determining this question, his action is not the subject of review. As to the merits of the application, it is not at

all necessary to consider them. After the surrogate has determined the application upon its merits, then there is time enough for us, if an appeal is taken, to consider the questions which have been so lengthily set out in the appellant's brief. As the case stands, the only question presented is the power of the surrogate to order a reference in a proceeding of this description. This power seems to be beyond question, and the order appealed from should be affirmed, with $10 costs and disbursements. All concur.