respect that a receiver might do that the creditor himself cannot do." In *Corning* v. *White, supra,* the court said: "This court has frequently decided that the creditor who first files his bill here to reach the defendant's property which cannot be sold on an execution at law obtains a preference." The defendant Del Valle, having brought his action first to set aside the alleged fraudulent transfer, cannot be divested of his priority of lien, and there is no reason why he should be stayed in his action by the receiver or any other creditor. Having a prior lien on the policies over the receiver and all other creditors, his rights cannot be adjudicated in this action, and he is not a necessary or proper party thereto. In *Bostwick* v. *Menck, supra,* the court said: "They [the fraudulent transferees] have the right to retain the property until the superior rights of creditors to divest them of it is shown. This right of creditors they have the right to litigate in respect to each creditor. * * * But the proceeding in each case is separate and distinct, and the creditors take priority according to the date of their several proceedings." The judgment sustaining the demurrer should be affirmed, with costs. All concur.

---

## In re POST.

*(Supreme Court, General Term, First Department. May 13, 1892.)*

APPEAL—FINAL ORDER.
    An order of the surrogate, setting aside the report of a referee, and referring the matter back to him with directions to proceed anew, is not appealable, it not being a final order. Appeal from 9 N. Y. Supp. 449, dismissed.

Appeal from surrogate's court, New York county.

Judicial settlement of the account of Henry A. V. Post, as administrator of Edwin Post, deceased, which latter in his lifetime was administrator with the will annexed of Cornelia Post. From an order of the surrogate referring the matter back to a referee who had previously been appointed to examine the administrator's account and the objections thereto, and to determine all questions arising upon the settlement of said account which the surrogate has power to determine, Henry A. V. Post, administrator, appeals. Appeal dismissed.

For decision appealed from, see 9 N. Y. Supp. 449. For decision on appeal from the order of the surrogate resettling and amending the order sending the report back to the referee to proceed with the accounting, see 14 N. Y. Supp. 205. For decision on appeal from order denying a motion to allow Jane Eliza Davis, as administratrix with the will annexed of Cornelia Post, deceased, to file *nunc pro tunc* her requests to find, and the rulings of the referee thereon, see 18 N. Y. Supp. 812.

Argued before VAN BRUNT, P. J., and O'BRIEN and BARRETT, JJ.

J. C. O'Connor, Jr., (Daniel G. Rollins, of counsel,) for appellant. George D. Beattys, (Frederic W. Hinrichs, of counsel,) for respondent.

PER CURIAM. This appeal is premature. The surrogate had power, under section 2546 of the Code of Civil Procedure, to make the original order of reference, and his action in appointing a referee thereunder is not the subject of review. *In re Pearsall,* (Sup.) 4 N. Y. Supp. 365. Still less is his present action the subject of review. The order appealed from required the referee to proceed with the accounting as originally directed, and made no final disposition of the matter. When the referee has reported under this direction, and his report has been confirmed or set aside, and a final order of the surrogate made thereon, there will be a proper subject of review; but not until then. The matter at present is simply under investigation; none the less so because the surrogate set aside a report under the original order of reference which, if confirmed, would have been final. If the surrogate, in setting aside this report, had made a final order, that would have been review-

able, but when he set it aside with directions to proceed anew under the principles laid down in his opinion, the whole matter was left in abeyance until the coming in of a further report, and until a final order is made upon such further report. The appeal should therefore be dismissed, with $10 costs and disbursements.

---

### DYETT *v*. CENTRAL TRUST Co. *et al.*

(*Supreme Court, General Term, First Department.* May 13, 1892.)

1. MARRIAGE SETTLEMENT—CONSTRUCTION—ESTATE OF WIFE.

A marriage settlement declared the following trusts: To permit the husband to receive the rents and profits for the use of himself and wife, and, in case of his death, then to permit her to receive them to her own use for life, and to enable her to maintain the children of the marriage, with remainder in fee to the children. *Held,* that the wife took an equitable life estate, which was alienable by her, and separate from the estate in remainder.

2. SAME.

The deed also declared the following trust: To sell and convey the premises, with the written consent of the husband and wife, and to invest the proceeds, with power to reinvest from time to time with the like written consent, so as to produce the best annual income, without lessening the principal of the estate. *Held,* that the deed created a merely formal trust.

3. SAME—POWER OF SALE.

Under the trust deed, trustees executed valid mortgages of the life estate of the husband and wife, which, after the husband's death, were foreclosed, and the premises sold, but, as there were infant children of the marriage, the purchaser refused to complete; and an arrangement was made whereby the widow's life estate was separately sold to the purchaser under the foreclosure, and subject thereto the trustees and the widow, under the power, duly conveyed the fee of the prem ises to him for full value. *Held,* that the sale was a valid execution of the powe of sale contained in the deed.

4. TRUSTS—SALE BY TRUSTEES—DISPOSITION OF PROCEEDS.

Where the full amount has been paid for premises, under the valid and prope exercise of a power of sale by trustees, subsequent purchasers, under the record, are in no way affected by the disposition of the proceeds.

Appeal from circuit court, New York county.

Ejectment by George Dyett against Central Trust Company, trustee under the will of John W. Southack, deceased, and others, to recover possession of one undivided twenty-fourth part of a lot and building. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and ANDREWS, JJ.

*Townsend, Dyett & Einstein,* (*A. R. Dyett,* of counsel,) for appellant. *Butler, Stillman & Hubbard,* (*William Allen Butler* and *E. D. Cowman,* of counsel,) for respondents.

O'BRIEN, J. This is an action in ejectment, commenced by the plaintiff in 1888, to recover possession of one undivided twenty-fourth part of a lot and building No. 194 Broadway, in the city of New York. The plaintiff claims as one of the heirs at law of Jessie Ann Dyett, and seeks to invalidate the title acquired in 1849 by respondents' predecessor in title. These premises have been a fruitful source of litigation for 70 years, and, though in various forms many of the questions here involved have been the subject of judicial inquiry, the precise question upon which the rights of the parties are to be determined has never been directly adjudicated. *Chapman* v. *Hammersley,* 4 Wend. 175; *Wells* v. *Chapman,* 4 Sandf. Ch. 312; *Coal Co.* v. *Dyett,* 7 Paige, 9; *Warner* v. *Hoffman,* 4 Edw. Ch. 383; *Warner* v. *Dyett,* 2 Edw. Ch. 497.

Upon the facts but little or no dispute exists, there being but a portion of one of the findings of fact contained in the decision of the judge below which is brought in question. But as these facts are voluminous, and admirably condensed in the briefs submitted, we have, so far as it was necessary to