---

(17 Misc. Rep. 491.)

### In re KIPP'S ESTATE.

(Surrogate's Court, Ulster County. March, 1896.)

EXECUTORS AND ADMINISTRATORS—ACCOUNTING—INTEREST IN ESTATE.

An allegation, in a verified petition to compel an administrator to account, that petitioner was a niece of decedent and one of his next of kin, though denied by a verified answer, sufficiently shows that she is "a person interested in the estate" (Code Civ. Proc. § 2726), so as to give the surrogate jurisdiction.

Proceeding for a compulsory accounting by the administrator of Andrew Kipp, deceased.

Carroll Whitaker (Howard Chipp, Jr., of counsel), for George F. L. Kipp and Nettie E. V. Peabody.

Charles Davis (Peter Cantine, of counsel), for administrator.

BETTS, S. Andrew Kipp died at the village of Saugerties, in this county, on the 18th day of April, 1893, intestate. On the 24th day of April, 1893, a petition was filed in this court by William E. Kipp, of the same town, alleging that he was the only brother and heir at law of deceased, and asking that letters of administration be issued to him upon said estate. The petition also stated that the

personal property did not exceeed the sum of about $9,000. On that petition, and a bond accompanying the same, letters of administration were issued to said William E. Kipp on the 24th day of April, 1893, and appraisers of the personal estate were appointed. No inventory was filed. No further proceedings were had, except the granting of an order to advertise for claims, until the 10th day of September, 1894, when a petition was filed here by one Nettie E. V. Peabody, of San Francisco, Cal., who alleged that she was a daughter of James Brown Kipp, deceased, who was a brother of Andrew Kipp, the deceased. In this petition she recited that the statement in the petition for letters of administration by William E. Kipp that he was the only kindred left of said Andrew Kipp was untrue; that she was a niece, and she had a brother, George F. L. Kipp, a nephew of deceased; that the proper amount of personal property was not stated in the petition of said deceased, but that the property exceeded the sum of $9,000. And she prayed that an order might be granted to have an inventory of said estate filed in this office. Upon that petition an order was made for the administrator to file an inventory on or before September 24, 1894, or show cause to the contrary. Various adjournments were had in that matter, until an inventory was finally filed here which showed that the amount of personal property was $20,724.21. Subsequently, and on or about the 7th day of March, 1895, a petition was filed here by Carroll Whitaker, attorney for said George F. L. Kipp and Nettie E. V. Peabody, asking that an appraiser be appointed to determine the amount of the taxable transfer tax, if any, in this estate. Upon such petition an appraiser was duly appointed, who has not as yet reported. No further proceedings were had in this court until the 6th day of December, 1895, when two petitions were filed, one verified by Nettie E. V. Peabody, and the other by the said George F. L. Kipp, reciting their relationship to the deceased, the same as claimed in the former petitions, and praying for a citation for the judicial settlement of the account of the said administrator, and that he should be cited to show cause why he should not render and settle said account. Upon these petitions a citation was issued to the administrator, returnable in this court December 17, 1895. On the return day of the citation the administrator appeared by his attorney, Charles Davis, and filed a verified answer, in which he recited as follows:

"That my brother, James Brown Kipp, left Saugerties in or about the year 1836, and when about 15 or 16 years of age. That within six or seven years thereafter he wrote two letters, one addressed to my mother and the other to myself, from the Sandwich Islands. That in said letters he stated that he had been on whaling voyages. The substance of which letters, beyond the statement that he was then at the Sandwich Islands, and that he had been engaged in whaling, I do not recollect. That said letters are lost. That shortly thereafter a person whose name I have forgotten, from the now city of Kingston, who had been on a whaling voyage, and had returned to Ulster county, informed our family that he had seen James Brown Kipp on the Sandwich Islands, and that he appeared to be in good health."

That he had never received any other knowledge or information from his said brother. And, on information and belief, he denied

that the James Brown Kipp mentioned in the petitions was the James Brown Kipp the brother of the intestate, or that he was ever lawfully married, or left a child or children, and wherefore he prayed that the proceedings in this matter be dismissed.

Upon this answer it was strenuously argued by the administrator that the surrogate was ousted of jurisdiction in this proceeding, and that the result of filing this answer was to remit this alleged nephew and niece to some other court for the enforcement of their rights in this matter, if they had any. The attorneys for the nephew and niece insisted, however, that they were in the proper tribunal, and that the relief asked for should be granted, so far as the surrogate could determine the same.

It was held as long ago as the case of Harris v. Ely, reported in 25 N. Y. 138, 141, that an executor—

"May be compelled to render an account, though the party applying is not entitled to a decree for the payment of any amount. * * * The rendering an account to the surrogate by an executor or administrator, and the settlement of such account, including the decree to pay over, are not necessarily one proceeding."

Section 2726 of the Code is as follows:

"In either of the following cases the surrogate's court may, from time to time, compel a judicial settlement of the account of an executor or administrator: (1) Where one year has expired since letters were issued to him. * * *"

Section 2727:

"A petition praying for the judicial settlement of an account and that the executor or administrator be cited to show cause why he should not render and settle his account may be presented in a case prescribed in the last section by a creditor, or a person interested in the estate or fund. * * * On the presentation of such petition a citation must be issued accordingly. * * * On the return of a citation issued as prescribed in either of the foregoing sections of this article, if the executor or administrator fails either to appear or to show good cause to the contrary, or to present in a proper case a petition as prescribed in the next section, an order must be made directing him to account within such a time and in such a manner as the surrogate prescribes and to attend from time to time before the surrogate for that purpose."

Section 2514, subd. 11, prescribes:

"The expression 'person interested,' where it is used in connection with an estate or a fund, includes every person entitled either absolutely or contingently to share in the estate or the proceeds thereof, or in the fund as husband, wife, legatee, next of kin, heir, devisee, assignee, grantee or otherwise, except as a creditor."

It is provided in section 2472 of the Code of Civil Procedure that the surrogate court has jurisdiction:

"To direct and control the conduct and settle the accounts of executors, administrators and testamentary trustees. * * * To enforce the payment of debts and legacies, the distribution of the estates of decedents and the payment or delivery by executors, administrators and testamentary trustees of money or other property in their possession belonging to the estate. * * * To administer justice in all matters relating to the affairs of decedents according to the provisions of the statutes relating thereto."

Section 2481 provides, among other things, that:

"A surrogate may exercise such incidental powers as are necessary to carry into effect the powers expressly conferred."

Section 2743, as amended, provides that:

"Where an account is judicially settled as prescribed in this article, and any part of the estate remains and is ready to be distributed to the creditors, legatees, next of kin, husband or wife of the decedent or their assigns, the decree must direct the payment and distribution thereof to the persons so entitled, according to their respective rights. * * * Where the validity of the debt, claim or distributive share is admitted or has been established upon the accounting or other proceeding in the surrogate's court, or other court of competent jurisdiction, the decree must determine to whom it is payable, the sum to be paid by reason thereof, and all other questions concerning the same." 1 Laws 1895, p. 400, c. 595.

"A mere appearance of interest in the estate of a decedent is ordinarily sufficient to sustain an application, under Code Civ. Proc. § 2726, to compel a judicial settlement of the account of its representative, as where the interest of the petitioner appears to have been extinguished by a release which he attacks as void." Reilley v. Duffy, 4 Dem. Sur. 366. "An allegation of his interest, duly verified, suffices, although his interest is disputed." Schmidt v. Heusner, Id. 275. "The power to determine who are the proper distributees is inherent to the power to settle an account and distribute the estate." In re Verplanck, 91 N. Y. 439, 450; In re Laramie (Sup.) 6 N. Y. Supp. 175; In re Pearsall (Sup.) 4 N. Y. Supp. 365. In Re Laramie an objection was made, and the case was litigated before the surrogate as to whether certain children cited upon the final accounting were legitimate. The surrogate determining that they were illegitimate, the objection was taken that the determination of the legitimacy of the children exceeded the power of the surrogate's court. Upon appeal to the general term the surrogate's decision was sustained. In Re Pearsall the facts were as follows: The will of Samuel Wood had been admitted to probate in the surrogate's court of New York county. One Thomas W. Pearsall filed a petition for the revocation of letters testamentary issued in that estate, on the ground that the same were issued on false suggestion of fact. The petitioner, Pearsall, claimed as a vested remainderman under the provision of the will giving a fund to Thomas Pearsall for life, to his heirs for the life of Lewis Pearsall, and at his death to the heirs of both said Lewis and Thomas; the petitioner being, as he alleged, a son of said Lewis. The answer of the executor denied the legitimacy of the petitioner, alleging that Lewis Pearsall was not married to the mother of the petitioner, whereby the latter had no interest such as to entitle him to maintain a petition for revocation of the letters testamentary. The surrogate referred the matter to a referee to report upon the petitioner's legitimacy, and from this order the executor appealed. The general term denied the appeal, and sustained the order of the surrogate. It will be seen that this latter decision is almost in point with the case at bar. Jurisdiction was therein assumed by the surrogate, and sustained by the higher courts. I can see no real difference in principle between that and this case. In Re Laramie, supra, there was a final accounting, and it was held that the surrogate's court had jurisdiction to determine the legitimacy of the distributees. That is substantially the same point in-

volved here, except in that case the administrator brought in the children by citation. Here the alleged nephew and niece are outside the door of the court, asking for admission. If they wait to be invited in by William E. Kipp, the administrator, who claims he is the only relative, they will probably never get within its portals. It is the practice of this court to order an account filed in cases of this kind. "The provision of the Code requiring a dismissal of the petition for the payment of a legacy or distributive share upon the filing of a verified answer raising a doubt as to the validity of a petitioner's claim applies exclusively to proceedings taken under that section, and has no application to a proceeding for a compulsory accounting. It is not necessary that the petitioner's interest be established by full proof. If the petition is properly verified, the surrogate may, and ordinarily will, require the account without trying the issue of interest as between the representative and the petitioner." Redf. Sur. Prac. (5th Ed.) 767. "It is well settled that a surrogate's court has jurisdiction to entertain on the final accounting, or in any other proceeding where the matter is at issue, such questions as the right of a person to a legacy, * * * or whether a legatee is competent to take, or a distributee is legitimate, and other like questions." Id. 162, 163. Jurisdiction should not be rashly assumed or sought after by a vain or ambitious court, nor declined by an indolent one. This case seems to me, so far, at least, properly within the jurisdiction of this court, and I shall entertain the proceedings. I do not decide as to whether the alleged nephew and niece are entitled to a share in the assets belonging to this estate, but I do hold that they have a right eventually to show whether they have such an interest or not. I hold these proceedings to be under sections 2726 and 2727 of the Code of Civil Procedure.

An order may be handed up directing the administrator to file an account of his proceedings as such on or before the 21st day of January, 1896, for the purpose of his accounting, and to attend from time to time for that purpose. Ordered accordingly.