(30 Misc. Rep. 551.)

In re POST'S ESTATE.

(Surrogate's Court, New York County. February, 1900.)

1. SURROGATE'S RULINGS—LAW OF THE CASE.

The opinion and rulings of a surrogate sustaining exceptions to a referee's report become the law of the case, and preclude a reconsideration of the questions involved, in a hearing on exceptions to the referee's final report.

2. TRUST FUND—PROCEEDING TO COMPEL ACCOUNTING—LIMITATION.

Where bequests of a fund are not payable till the death of a life tenant, who is custodian of the fund, and a proceeding is begun within a year after his death to compel his administrator to account for and pay over the same to the administratrix de bonis non with the will annexed of the original testator, such proceeding is not barred in six years after the original executor could have been made to account to the legatees; but the limitation applicable to such a proceeding is ten years from the appointment of an administrator of the custodian's estate, and the appointment of the petitioner as administratrix.

3. LEGATEES—REPRESENTATION IN COURT—ADMINISTRATRIX.

A petitioner, as administratrix, represents, not only herself, but other legatees entitled to participate in a fund, in a proceeding to recover such fund from the administrator of another estate, and is entitled to recover, not only her own share, but the entire fund, for subsequent administration by her.

64 N.Y.S.—24

4. ADMINISTRATRIX—DUTIES—TRUSTEE—APPOINTMENT.

The duties incident to the administration of a bequest as a trust fund are not inconsistent with the office of administratrix, so as to render her appointment as trustee by the supreme court necessary, before she can recover such fund from the administrator of another estate.

5. CITATION—ISSUANCE—WAIVER.

The issuance and service of a citation in a proceeding begun before the enactment of Code Civ. Proc. § 2528, authorizing waiver of citation only by an instrument in writing, are waived by the voluntary appearance of the party's attorney on an application for an order directing an accounting by such party, and again by the party's personal appearance, filing the account, and consenting in writing to an order of reference, and again by appearing before the court to ask for the confirmation of the referee's report.

6. TRUSTS—REFERENCE—FINDING—EVIDENCE.

A referee found that the principal of a trust fund provided for by a will had been loaned to a bank by the administrator with the will annexed, who was also a life tenant of the fund, as legatee, and had been partially returned to him in payments at various times, which were converted by him to his own use under a claim of absolute ownership. The evidence showed that the trust character of the fund was apparent from the face of the assets constituting it, was known to both administrator and bank, and was recognized by the bank's president and on the bank's books; that the administrator made no claim of absolute ownership; and that the payments by the bank to the administrator were charged to the account of the bank's president as gratuities to the administrator, his father. *Held*, that the finding was not supported by the evidence, and the fund remained intact.

7. SAME—TRIAL—TECHNICAL OBJECTIONS—COSTS.

Where mere technical objections are urged against a meritorious claim, and the resistance offered was not reasonable, but amounted to an effort to convert a trust fund, the entire costs of the proceeding will be charged to the defendant, and charges for attorney's fees in resisting the proceedings will be disallowed.

Petition by Jane E. Davis, as administratrix with the will annexed of Cornelia Post, deceased, against Henry A. V. Post, as administrator of Edwin Post, deceased, to recover a trust fund, and for an accounting. A referee filed a report in favor of respondent, to which petitioner excepted. Exceptions sustained.

George D. Beattys (Fred. W. Hinrichs, of counsel), for petitioner.
John C. O'Conor, for respondent.

THOMAS, S. This proceeding was commenced in January, 1888, upon a petition of Jane E. Davis, as administratrix with the will annexed of Cornelia Post, against Henry A. V. Post, as administrator of Edwin Post, which latter in his lifetime was administrator with the will annexed of Cornelia Post, to compel an accounting as to the assets of the estate of Cornelia Post for certain "property found by him among the assets of Edwin Post, deceased, former administrator of Cornelia Post, c. t. a., deceased." An account was filed, to which objections were interposed, and in the same month the usual order of reference was entered upon the stipulation of the attorneys for the parties. A large amount of testimony was taken before the referee, who reported in December, 1889, that the proceeding should be dismissed because it was barred by the statute of limitations, and also upon further grounds. Exceptions were filed

to this report by the petitioner, and after a hearing before Mr. Surrogate RANSOM such exceptions were sustained by him, and the matter was referred back to the referee, to proceed with the accounting. The opinion of Surrogate RANSOM (In re Post's Estate, 9 N. Y. Supp. 449) was filed in March, 1890, and an order was entered upon it in April of that year; but it was not until May, 1891, that the order was finally resettled, and all questions as to its form were disposed of. An appeal from this order was then taken to the supreme court by the contestant, which resulted in an order dismissing the appeal; the order appealed from not being a final determination. In re Post, 19 N. Y. Supp. 18. The parties then resumed proceedings before the referee, who made a further report, which was filed in November, 1894, by which he charged the contesting accountant, but not in a way satisfactory to the petitioner. A hearing on these exceptions was had, but no decision was rendered, and the matter has therefore been reargued and submitted to me. This statement outlines the main litigation, but an action was commenced in the supreme court in June, 1890, by the petitioner, "Jane E. Davis, as administratrix with the will annexed and trustee under the last will and testament of Cornelia Post." This action came to an end by a judgment sustaining a demurrer to the complaint, on an opinion written by Mr. Justice Truax. The controversy concerns the dealings of Edwin Post, now deceased, and his son, the contesting accountant, Henry A. V. Post, with assets of the estate of Cornelia Post, who was the wife of Edwin Post. Mrs. Post had been a Miss Davis. She was the second wife of Edwin Post, and Henry A. V. Post was his son by an earlier marriage. The petitioner, Jane E. Davis, was a relative of Mrs. Post, and the executors and intended beneficiaries named in the will of Mrs. Post, other than her husband, were also her own relatives, and were not related in any way to Henry A. V. Post. Mrs. Post died in June, 1873, leaving a will, among the provisions of which was the following:

"I order and direct that my executors invest the sum of $20,000 upon bond and mortgage of real estate, or such stocks as they may regard as safe and permanent, and to pay over the interest and income thereof, as the same may be received, to my husband, Edwin Post, for and during his natural life, and, upon his death, out of the principal of said trust fund to pay to Jane Eliza Davis, daughter of Elijah Davis, the sum of $5,000, and, after deducting said sum of $5,000, to divide and pay over the remainder of said trust fund unto and among my sister, Emily Bell, and my brother, Gilbert F. Davis, in equal shares."

The executors named in her will qualified, Emily Bell dying shortly thereafter; and the survivor, George Bell, thereafter paid to Edwin Post the income on a fund of $20,000 so long as he lived. George Bell, the acting executor, died December 9, 1881; and it thereupon became important for Edwin Post to secure the appointment of some person authorized to take possession of the property, who would continue the payments of income to him. Accordingly, on February 6, 1882, he verified a petition to the supreme court, upon which, on February 10, 1882, an order was made by that court appointing Henry A. V. Post "trustee under the will of Cornelia Post, deceased, of and in respect to the said fund of $20,000 so bequeathed to the

use of Edwin Post for his life." A bond for $40,000 required by the order was given and filed by Mr. Henry A. V. Post, but some reason led to an abandonment of this plan, and on December 15, 1883, a verified petition of Henry A. V. Post was presented to the supreme court, on which an order was made that the order appointing him a trustee be vacated, and his bond be delivered to his attorney, to be canceled. Before the vacating of this order, on April 10, 1883, Edwin Post verified a petition to this court, asking to be appointed "administrator with the will annexed of the goods, chattels, and credits of the said Cornelia Post, so left unadministered," and such letters were granted and issued to him on May 3, 1883; Mr. Henry A. V. Post indemnifying one of his sureties. The actual custody and condition of the $20,000 fund immediately after the time of the death of George Bell, executor, etc., of Cornelia Post, in December, 1881, were as follows: A certificate of deposit for $8,500 of the New York Life Insurance & Trust Company, dated July, 1881, was in the possession of the executors of the will of George Bell; and four bonds and mortgages, to secure, respectively, $2,500, $2,000, $4,000, and $3,000, were in the possession of one William M. Martin, as executor of one Gilbert F. Davis, who had received them from George Bell, executor of Cornelia Post, as his agent and attorney. On July 19, 1883, on the petition of Edwin Post, an order was made by Surrogate ROLLINS directing the bonds and mortgages to be delivered to Edwin Post by William M. Martin, as executor of Gilbert Davis; and on July 20, 1883, a similar order required that the trust-company certificate of deposit be delivered to him by the executors of George Bell. It is conceded that both of these orders were obeyed, and Mr. Edwin Post subsequently, in December, 1883, filed an inventory in this court, in which the assets are specifically described and set forth as being in his possession. The aggregate of the principal of the securities was $20,000, which was increased by arrears of trust-company interest to $20,341.41. All of these assets were placed by Edwin Post in the physical custody and possession of his son Henry A. V. Post, and they were all eventually reduced to cash, and the cash was taken possession of by him and reinvested. Mr. Henry A. V. Post was the senior member of the banking firm of Post, Martin & Co., and shortly after the appointment of Henry A. V. Post as trustee by the supreme court, in February, 1882, an account was opened on the books of that firm in the name of "H. A. V. Post, trustee of Edwin Post," to which caption was afterwards added in red ink, in the handwriting of the firm's bookkeeper, the words "under the will of Cornelia Post." In this account appear entries of the receipt of income and principal of each and every of the assets of the estate of Cornelia Post, which are described in the inventory filed by Edwin Post, together with entries on the credit side of payments of income; the balance struck on August 20, 1885, being $20,000, the exact amount of the principal. This balance was less than $20,000 by $446.20, that being the amount paid for services of counsel originally charged against principal, but the final entry on the debit side is of a payment of that sum by Edwin Post. On August 20, 1885, the day when this balance was struck, Mr. Henry A. V. Post executed a mortgage to J. Nelson Borland on prem-

ises No. 34½ Pine street, which was the banking house in which his firm did business, to secure three notes for $20,000, $5,000, and $1,000, respectively; and these notes were indorsed by the payee, payable to the order of "H. A. V. Post, trustee." The object of this transaction was stated by Mr. Post to be to secure the fund of $20,000 from which his father was entitled to receive the income, and also to secure two sums of $5,000 and $1,000 belonging to two of his children. The purpose of placing this amount of $20,000 in the hands of Henry A. V. Post is stated by him to have been to secure him against the liability assumed by him when the bond of Edwin Post as administrator was given. He also says that this mortgage was also made in order to protect the same obligation. There was another account with Edwin Post kept on the books of Post, Martin & Co., which represented sums of money paid to him in excess of income on the $20,000 fund, and which aggregated $17,689.28 at the time of the death of Edwin Post. These payments were charged against Henry A. V. Post, and Edwin Post was not asked to reimburse the firm for them, and he was not even informed of their amount. The reason for making them is stated by him in these words:

"The gentleman, unfortunately, did not have enough money to live on, and every six months I charged the money that was drawn to my account."

Edwin Post died on June 9, 1887, and on August 25, 1887, Henry A. V. Post received letters of administration on his estate. On September 26, 1887, the petitioner, Jane E. Davis, was appointed administratrix with the will annexed of the estate of Cornelia Post, deceased. A demand having been made on Mr. Henry A. V. Post for the payment over to her of the $20,000, on January 10, 1888, he paid the sum of $5,000, the amount of the legacy payable to her, and refused to pay any more. On January 18th following, this account was filed pursuant to an order filed January 12th.

The opinion and order of Mr. Surrogate RANSOM, made on the hearing of the exceptions to the referee's first report, are the law of this case, and should not be set aside or reversed by me. I am concluded, therefore, from determining that, for any cause or reason which then appeared on the record, this court had no jurisdiction to entertain the proceeding, or that the statute of limitations barred the petitioner's remedy, or that the legacies payable after the death of Edwin Post had lapsed or in any manner become extinguished, or that the petitioner, as administratrix of Cornelia Post, with the will annexed, is not the proper person to receive and administer the unadministered assets. These cover all of the objections now urged by counsel for Mr. Post. I do not rest wholly on this estoppel, but I also indorse and approve all of the conclusions of Mr. Surrogate RANSOM, and adopt his very carefully prepared opinion as my own. The position of the accounting administrator as to the statute of limitations is well stated in the first opinion of the learned referee. His argument may be summarized as follows:

"The obligation of the executors of Mrs. Post to account could have been enforced by a proceeding in this court at any time after one year and six months subsequent to the probate of the will. This remedy was barred in six years thereafter, or in seven years and six months after probate. This time

had elapsed before the death of the acting executor, Mr. George Bell, and, when Edwin Post received letters of administration c. t. a., he was protected by a statutory presumption that the estate had been administered and the legacies paid."

The mere statement of this proposition is to excite suspicion that a result so grossly inequitable could only be reached upon mistaken premises or by a false process of reasoning, and it is believed to rest upon both. That a presumption could arise that legacies, payable only on the death of Edwin Post, were satisfied at a time when he was in full strength and capable of becoming an administrator, is not reasonable. To conclude that an administrator who becomes such on a petition alleging that a specific fund bequeathed for a particular purpose was still in existence, and praying that he be permitted to administer it pursuant to the terms of the will, as administrator with the will annexed, can forthwith, on receiving the fund, hold it free from any duty to the persons for whom the fund was created, is illogical. The statute of limitations never aids a person who is confessedly a trustee, except as it may serve to protect the trust fund from being depleted by a claim which is presumed to have been paid because no attempt has been made to enforce it for a prescribed number of years after it was due and payable. If the trust duties are continuing, the statute does not begin to run until after a repudiation of the trust obligation was openly made by the trustee, and brought to the notice of the beneficiary. Lammer v. Stoddard, 103 N. Y. 672, 9 N. E. 328; Merritt v. Merritt, 32 App. Div. 442, 53 N. Y. Supp. 127; Pease v. Gillette, 10 Misc. Rep. 467, 32 N. Y. Supp. 102. In cases where trust duties are imposed on an executor, and final administration by payment to legatees is deferred, the right to a final accounting accrues only at the time fixed for final distribution. In re Camp, 126 N. Y. 377, 27 N. E. 799; Foster v. Town, 2 Dem. Sur. 333; Pease v. Gillette, 10 Misc. Rep. 467, 32 N. Y. Supp. 102. The petitioner in this proceeding claims in the right of the ultimate legatees, of whom she herself is one; and no statutory limitation commenced to run against her until the death of Edwin Post, and until her appointment as administratrix, and until the appointment of an administrator of Edwin Post's estate; and the limitation affecting this proceeding is 10 years. In re Rogers' Estate, 153 N. Y. 316, 326, 47 N. E. 589. The proceeding was commenced within less than a year after the death of Edwin Post. The ultimate legacies directed in the will of Mrs. Post to be paid to Jane Eliza Davis, Emily Bell, and Gilbert F. Davis vested in ownership at the time of her death in the legatees, all of whom survived her. In re Elliott's Estate, 27 Misc. Rep. 258, 58 N. Y. Supp. 603; Goebel v. Wolf, 113 N. Y. 405, 412, 21 N. E. 388; Carr v. Smith, 25 App. Div. 214, 49 N. Y. Supp. 351. If this were not so, and the legacies became inoperative, the right to receive the money at the death of Edwin Post passed to Emily Bell, the residuary legatee, and there was no partial intestacy. Cruikshank v. Home for Friendless, 113 N. Y. 337, 21 N. E. 64, 4 L. R. A. 140; Smith v. Smith, 141 N. Y. 34, 35 N. E. 1075. On no theory did Edwin Post ever acquire any title to anything more than the income. The criticism that the legatees, other than the petitioner as an individual, are

not before the court, is without force. The petitioner, as administratrix, represents them, and, on receiving the fund, will become obligated to account to them or to their legal representatives. If she has trouble to find who their legal representatives are, that need not disturb Mr. Post, since it is entirely plain that he has no claim to the fund, or to any part of it.

It is claimed that this proceeding must fail because the direction in the will of Mrs. Post that the income of the fund of $20,000 should be paid to her husband during his life created a trust, and constituted her executors trustees thereof, and that no person could administer that fund after the death of George Bell, the surviving executor, except a person appointed a trustee by the supreme court, and the petitioner is not a trustee, but an administratrix with the will annexed, merely. Some doubt of this kind evidently disturbed the mind of the counsel who advised Mr. Henry A. V. Post to seek appointment by the supreme court as a trustee under the will of Cornelia Post, but it must subsequently have been quieted; for the appointment as trustee was vacated, and Mr. Edwin Post qualified as administrator with the will annexed of Cornelia Post, and as such receipted for the property. It is believed that the plan adopted by Mr. Henry A. V. Post and his father, Edwin Post, was the correct one, and it is identical with the method of the petitioner. An executor or an administrator is a trustee, though a trustee of a special class, having certain special duties. His duty primarily is to administer the personal estate by getting in the assets of his decedent and paying debts and legacies therefrom, but some other duties may be added without making him anything but an executor or administrator. Thus, an executor may be required to defer payment of a legacy for any specified time, or during the life of a designated person, and in the meantime to apply the income to the use of a beneficiary, and he will notwithstanding be an executor. Johnson v. Lawrence, 95 N. Y. 154, 162. In Re Hood, infra, which was several times before the court of appeals, the whole object of the action was to recover upon a bond given by an executor to secure his acts "as executor." The will directed the investing of moneys and the payment of income, and in making these investments the executor committed breaches of trust, resulting in loss. It was contended by his sureties that these losses had been incurred by him, not "as executor," but "as a trustee," and that they were not liable for his defaults "as trustee." The court of appeals determined otherwise, and charged the sureties. In re Hood, 98 N. Y. 363; s. c., 104 N. Y. 103, 10 N. E. 35; Cluff v. Day, 124 N. Y. 195, 26 N. E. 306. In Mott v. Ackerman, 92 N. Y. 539, 553, a conversion of real estate into personalty was directed by sales authorized to be made by the executor. Portions of the proceeds were to be invested, and income paid to specified beneficiaries for their lives. The executor died, and it was held that the trust power of sale might be exercised by the administrator with the will annexed, who might also administer the trusts. In this case the entire estate in question consisted of personalty, and the trust was to pay the income to Edwin Post during his life, and on his death to pay out the fund to three designated people. It is certain that all that now re-

mains to be done is to administer the fund by paying the ultimate legacies, which is clearly the function of an administrator, and even during the lifetime of Edwin Post the trust duties were not inconsistent with those of an administrator. A trust does not vest in the supreme court, to be executed by a trustee, as such, that was fully executed, as a trust, during the lifetime of the deceased trustee. 1 Rev. St. p. 730, § 68; Real Property Law, § 91.

A further contention is that this proceeding must utterly fail, and all of this litigation must go for naught, because no citation was ever issued. A petition was filed, and by the express terms of the statute the court then acquired jurisdiction to do any act which may be done before actual service of the citation. Code Civ. Proc. § 2516. The issuance and service of a citation were then waived by the voluntary appearance of the attorney for Mr. Post before Surrogate ROLLINS on the application for an order directing an account to be filed. It was further waived by Mr. Post in person, when he filed and verified his account, and by consenting in writing to the order of reference, and by appearing before the referee and demanding an adjudication in his favor, and by again appearing before Surrogate RANSOM and asking that the report in his favor be confirmed. I do not find a suggestion in the record that this objection was so much as thought of until after Mr. Post found that a decision against him had been made. It was not until in 1896 that the waiver of the issuance and service of a citation was required to be in writing, and at the time of the commencement of this proceeding the rule was the same as in the supreme court. Id. § 2528.

The twenty-third finding of fact of the learned referee, which is that the principal of the trust fund was "lent to said firm of Post, Martin & Co., and said Post, Martin & Co., from time to time, between May 16, 1883, and July 27, 1887, paid over to Edwin Post or his order all the interest upon said loan and $14,553.95, and said Edwin Post appropriated the same to his own use, upon his claim that the same belonged to him as the husband of said Cornelia Post, deceased," is directly contrary to the evidence. The principal of the fund was not loaned by Edwin Post to any one, and was not his to loan. Its trust character was plainly apparent, and was earmarked upon each of the assets, and was perfectly well known to all of the parties; and no pretense was made that any one supposed the contrary, or that Edwin Post in any way or at any time "claimed" or pretended to have any interest in anything beyond the income of it. Although the banking firm of Post, Martin & Co. paid certain checks of Edwin Post, it did so for its senior member, Henry A. V. Post, and charged such payments to him personally, settlements being made semiannually; and the dealings of Edwin Post were with him personally, and not with the firm. The trust character of the transaction was plainly exhibited on the book of account of the firm, put there by the direction of Henry A. V. Post, and was further evidenced by the written obligation of Henry A. V. Post as an individual, which he made to a third person, in order that it should be transferred to himself as a trustee. I will overrule this finding, and I will find and adjudge, as a matter of fact, that Henry A. V. Post was the custodian of the

principal of this fund (being $20,000) during the lifetime of Edwin Post, as the identical fund set apart under the will of Cornelia Post, and that it was in his possession at the time of his appointment as administrator of Edwin Post; that Henry A. V. Post at all times had notice and full knowledge of the source of the fund, and the trust imposed upon it by the will of Cornelia Post, and that no part of the principal of that fund was paid over by him to Edwin Post, or was converted by Edwin Post to his own use, but that all payments made by him in excess of interest on the fund were gratuities from a wealthy son to an indigent father, and were never intended to be charged against the principal of the fund, and were never, either in whole or in part, deducted from the principal of the fund while Edwin Post was alive and entitled to the income.

My conclusion is that the technical objections urged against the claims of the petitioner are none of them available to defeat her meritorious claim, and that the resistance offered to it is not reasonable, but amounts to an effort on the part of the accountant to convert a trust fund intended for the legatees of the testatrix to his own use. I will therefore direct that the entire costs of this proceeding be charged against Henry A. V. Post personally. It was conceded on the argument before me that no supplementary account would be necessary, except to furnish a statement of charges for counsel fees for resisting this application. These charges are each and every of them disallowed. A decree may be prepared sustaining the exceptions to the referee's report, and granting the relief indicated in this opinion.

Exceptions sustained.