1. EXECUTORS AND ADMINISTRATORS—ACCOUNTING—PETITION.
Where a daughter presents a petition to the surrogate to compel an accounting by her mother's administrator, an allegation of payment in the answer is not fatal to the application. .

2. SAME—ANSWER.
It is not a sufficient answer to a petition for an accounting by an administrator that he was appointed over more than 16 years before, where he has never repudiated his trust or taken a position hostile to petitioner.

In the matter of the estate of Sarah Williams, deceased. Application for an accounting. Application granted.

Evans & Prescott, for petitioner.
D. F. Searle, for administrator.

SEXTON, S. This is an application under section 2727 of the Code of Civil Procedure, by a daughter of the deceased, for an order compelling the administrator to render and settle his account in this estate. The answer to the petition admits that Milton H. Williams was appointed administrator March 7, 1891, and has not since accounted. It then alleges that the petitioner was fully paid more than 11 years ago and that the statute of limitations is a bar to a compulsory accounting. An allegation of payment amounts to a denial of interest. This is not fatal to the application, as a mere appearance of interest in the estate of decedent is ordinarily sufficient to sustain an application to compel a judicial settlement, even though that interest is denied. Matter of Kipp (Surr.) 41 N. Y. Supp. 259.

The remaining question is, has the right to a compulsory accounting been lost to the petitioner by the bar of any statute of limitations? Over 16 years have elapsed since the administrator was appointed, and

it is conceded that he has not accounted and is still acting as adminis-
trator. The inventory, filed April 7, 1891, shows a total of personal
property at that time in the amount of $365.70. There is no evidence
before me that the administrator has ever repudiated his trust, or tak-
en a position hostile to the rights of the petitioner. It has long and
frequently been held that the statute of limitations does not commence
to run in favor of the trustee until he openly repudiates the trust
and asserts and exercises individual ownership over the trust property.
Kane v. Bloodgood, 7 Johns. Ch. 90, 11 Am. Dec. 417; Matter of
Jones, 51 App. Div. 420, 64 N. Y. Supp. 667; Matter of Irvin, 68
App. Div. 158, 74 N. Y. Supp. 443; Matter of Ashheim, 111 App. Div.
176, 97 N. Y. Supp. 607.

On this application the question is presented whether an adminis-
trator is a trustee within the meaning of this rule. In Matter of Camp,
126 N. Y. 377, 27 N. E. 799, the court held that an infant, 16 years
after he had attained his majority, was entitled to an accounting from
his general guardian, regardless of any statute of limitations, because
the general guardian occupied the position of a trustee so far as to
prevent the running of any statute of limitations in his favor regard-
ing the property intrusted to him. So long as the property remained
in his hands unaccounted for, he must continue liable to account. In
Matter of Ashheim, 111 App. Div. 176, 97 N. Y. Supp. 607, affirmed
185 N. Y. 609, 78 N. E. 1099, the following question was certified to
the Court of Appeals for an answer, to wit:

"Is an executor who has duly qualified and received assets of his testa-
tor's estate, for which he has never accounted, as far a trustee as to bring
him within the rule that the statute of limitations does not commence to run
in favor of a trustee, against one otherwise entitled to account, until such
trustee has repudiated his trust?"

An affirmative answer was given.

In Matter of Meyer, 98 App. Div. 7, 90 N. Y. Supp. 185, affirmed
181 N. Y. 553, 74 N. E. 1120, the following question was certified to
the Court of Appeals, and answered in the negative:

"In the absence of any act of an executor repudiating his liability as trus-
tee, is the lapse of 13 years and 9 months from the time of the issue of let-
ters testamentary a bar to a proceeding to compel the executor to account?"

The questions thus answered by the Court of Appeals in Matter
of Meyer, supra, and Matter of Ashheim, supra, were asked regarding
executors of wills, to whom the will gave no trust powers. They were
not by the will made trustees of an express trust. They were plain
executors. In view of these decisions the question naturally arises
whether there is any distinction between an executor as such and an
administrator.

Both executors and administrators are trustees with special func-
tions, differing from other trustees in that their office looks to the
winding up of an estate and speedy termination of the trust, and differ-
ing from one another only in so far as the course of the administration
is affected by the provisions of the will and the personal confidence
presumed to be reposed in the executor by the testator. 7 Am. &
Eng. Ency. of Law (1st Ed.) 171, note 2. There seems to exist no
distinction between general guardians, executors, and administrators,

so far as the right of an interested person is concerned to compel an accounting. In Matter of Ashheim, supra, the rule was laid down that, unless the facts upon which the running of the statute of limitations depended were clear and uncontroverted, mere lapse of time is not a bar to the accounting; and the question as to whether the statute of limitations is a bar to any claim made by the petitioner should not be decided before the accounting is had.

The answer to the petition pleads the mere lapse of time as a complete answer to the application. It may be that, on a hearing, the administrator would be able to show that he repudiated his trust and took a position hostile to the claim of the petitioner sufficiently long ago to make the statute of limitations available, all of which facts may be made clearly to appear when the account is presented and filed, pursuant to the order, or any proceedings subsequently had thereon. When some right is sought to be enforced, based upon the accounting, the question of the statute of limitations may then be fully determined, and more satisfactorily than upon this application, based upon very meager facts. Persons should not be permitted in a fiduciary capacity to obtain possession of property and acquire title thereto because of the failure of those interested to require an accounting within a specified time, unless there be no avenue of escape from such an inequitable result.

The administrator in his answer has not shown a state of facts which, if proved, would establish the statute of limitations as a bar. I therefore hold that a case has been made requiring an accounting, and an order may be prepared and entered accordingly, with $10 costs and disbursements payable out of the estate to the petitioner.

Application granted, with $10 costs and disbursements.