In the Matter of the Judicial Settlement of the Estate of DELOS L. TAYLOR, Deceased.

ADELIA A. TAYLOR, as Administratrix, etc., of DELOS L. TAYLOR, Deceased, Appellant; A. V. N. POWELSON, as Receiver of the Property of WILLIAM W. TAYLOR, Respondent.

*Statute of Limitations — accounting of an administratrix for trust funds.*

Where funds have come into the hands of an administratrix, for which she has never accounted, and she has not publicly and officially renounced her trust, the Statute of Limitations has not commenced to run in her favor.

APPEAL by Adelia A. Taylor, as administratrix, etc., of Delos L. Taylor, deceased, from an order of the Surrogate's Court of the county of Orange, entered in said Surrogate's Court on the 3d day of January, 1898, requiring her to render an account of her proceedings as such administratrix.

*F. A. Taylor*, for the appellant.

*William Vanamee*, for the respondent.

GOODRICH, P. J.:

Delos L. Taylor died in Orange county on November 2, 1888, and his widow, Adelia A. Taylor, on November 10, 1888, was appointed administratrix of his estate.   She has never made any final accounting of her proceedings as such administratrix.

On May 8, 1894, Elias Deemer recovered a judgment against William W. Taylor, one of the next of kin and heirs at law of the deceased, and under that judgment, on July 20, 1897, A. V. N. Powelson was appointed receiver in supplementary proceedings, and he qualified as such.   He afterward presented to the surrogate of Orange county a petition dated July 29, 1897, praying that a citation

be issued requiring Mrs. Taylor to render an account of her proceedings as administratrix and pay to the receiver any amount which might be found in her hands due from the estate to William W. Taylor. The administratrix appeared and set up the Statute of Limitations as a bar and defense to the proceedings. The court ordered the administratrix to render her account as administratrix, and from this order the appeal is taken.

The record contains an inventory by the administratrix, which is stated to have been duly filed in the office of the surrogate, but the time of such filing does not appear, nor does it appear that any proceedings were had thereon. This inventory shows that the administratrix has received cash assets of the estate amounting to $5,539.58.

The petition alleges that no judicial settlement of the trust has been had, and this is not denied by the answer. The question is thus presented, whether the Statute of Limitations bars the present proceeding.

In *Matter of Van Dyke* (44 Hun, 394) the General Term of the first department, by a divided court, held that the Statute of Limitations had run against a similar application. That decision was based upon section 1819 of the Code of Civil Procedure, which reads as follows: "If, after the expiration of one year from the granting of letters testamentary or letters of administration, an executor or administrator refuses, upon demand, to pay a legacy or distributive share, the person entitled thereto may maintain such an action against him as the case requries. But for the purpose of computing the time within which such an action must be commenced, the cause of action is deemed to accrue when the executor's or administrator's account is judicially settled and not before." The court held that this section applied only to an action and not to a special proceeding.

But section 414 provides as follows: "The provisions of this chapter (referring to chap. IV, entitled 'Limitation of the time of enforcing a civil remedy') apply, and constitute the only rules of limitation applicable, to a civil action or special proceeding. * * *"

Section 382 of the Code, contained in chapter 4, declares the limitation of six years to be applicable to "An action upon a contract obligation or liability, express or implied."

It is evident that a very important feature which is presented to our consideration on the present appeal was not one of the elements in the *Van Dyke Case* (*supra*). It nowhere appeared there, as it does here, that the administratrix had received any funds on account of the estate. We do not deem it necessary to consider further the doctrine announced by the learned General Term of the first department, as the present case is differentiated from that case by the very important fact that it here appears that funds have come into the hands of the administratrix for which she has never accounted. Until she has done so by legal proceeding, or until she has publicly and officially renounced her trust, it cannot be affirmed that a period has been fixed so as to set in operation the Statute of Limitations.

*Matter of Grandin* (61 Hun, 219) was an appeal to the General Term of the fifth department from an order directing the payment of certain sums by a special guardian to his *cestui que trust*, and the court, MACOMBER, J., writing, held that the Statute of Limitations does not run in such a case. The court recognized the principle stated in the *Camp Case* (*infra*), that the Statute of Limitations did not commence to run until the final accounting and the termination of the trustee's liability.

In *Matter of Petition of Camp* (126 N. Y. 377) a citation was issued, requiring the surrogate of Kings county to render and settle his account as guardian of an infant, who became of age in 1872. The proceedings for an accounting were instituted in 1888, and the court held that the Statute of Limitations was not a bar to the proceedings. The court, PECKHAM, J., writing, held (p. 389): " The guardian has obtained possession of the fund as guardian, and he deals with it, not alone in his own right as life tenant in this case, but he also deals with it as the property of others confided to his care. In this sense he occupies the position of a trustee, so far as to prevent the running of any Statute of Limitation in his favor regarding the property entrusted to him. Although he may cease to be guardian upon the ward coming of age, *yet so long as the property remains in his possession as guardian and unaccounted for*, he must remain liable to account. This is no hardship upon the guardian, nor can it be the means of sustaining stale claims against him as such. The moment the ward arrives of age he may cite the guardian to account,

and now by the Code of Civil Procedure (§ 2849, following the provisions of the Revised Statutes, vol. 2, p. 152, § 12) the guardian may, in any case where a petition for an accounting may be presented by any other person, present one in his own behalf, and an accounting may then be had. Thus either party may claim an accounting the moment the ward attains his majority."

*Butler* v. *Johnson* (111 N. Y. 204) was a proceeding against an executor, to compel the sale of real estate. This was not a case to compel an executrix to account, but 'a proceeding to compel her to execute a power of sale and acquire funds to pay legatees and creditors, and the court held that the Statute of Limitations had run against such a proceeding. It will be observed that, in this case, there was no continuing trust to be accounted for. The proceeding was based upon the claim that the executrix had neglected a duty to reduce trust funds to her possession, and such proceeding, the court held, was barred by the Statute of Limitations. This decision does not seem to control a case where a trustee has received and has not accounted for a trust fund remaining in his possession, in which case his liability, as trustee, to account for the funds in his possession, is governed by the rules which render him, as the trustee of a continuing trust, liable to be called to account until, by some overt act brought to the knowledge of the parties interested in the estate, he has divested himself of the trust and closed his connection therewith, which is the principle laid down in the *Camp Case* (*supra*) and upon which it was decided.

The record on this proceeding shows that the administratrix has received cash assets for which she has not accounted, and until she has accounted for these the statute does not begin to run. No such accounting has ever been filed, and the statute has not, therefore, commenced to run even at the present time. This view is strengthened by the fact that the opinions, in both the cases referred to, were written by the same learned judge, who evidently saw no inconsistency in the two decisions.

It will also be observed that the decision in the *Camp* case was delivered subsequently to that of the *Van Dyke* case; and while the *Camp* opinion does not refer to the *Van Dyke* opinion, we can hardly suppose that the latter was not brought to the attention of the Court of Appeals; at any rate the *Camp* case must control our decision.

We are also cited to the opinion of the learned surrogate of Chautauqua county, in *Matter of Miller* (15 Misc. Rep. 556), in which he holds that the six-year limitation provided by section 382 of the Code of Civil Procedure applies to a proceeding of this character. A careful study of his opinion does not change our views. We think that the order of the surrogate should be affirmed, with costs and disbursements.

All concurred.

Order of surrogate affirmed, with ten dollars costs and disbursements.