court to dismiss the complaint at the close of the plaintiff's case, and again after the close of the testimony, there were only two exceptions during the trial, and neither of these appears to have any weight. After the jury had rendered its verdict, the defendants moved for a new trial "upon the ground that the verdict was contrary to law, and against the weight of evidence, and upon all the grounds specified by section 999 of the Code of Civil Procedure." The court reserved its decision, and some six weeks later, without the minutes of the trial having been written out for the use and information of the court or counsel, the verdict was set aside and a new trial granted. The learned trial justice handed down no opinion, nor does the order appealed from show the grounds on which the order was granted, as required by rule 31, and we are of opinion that the learned trial court erred in dealing with this case. The trial court correctly charged the jury upon the law of the case, and upon this appeal no well-grounded complaint is made of the charge or of any error in the conduct of the trial. The verdict of the jury seems well supported by the evidence. We are therefore at a loss to discover any reason why the verdict should have been set aside, and are of opinion that no consideration of justice is to be advanced by sustaining the order appealed from.

The order appealed from should be reversed, and the judgment entered upon the verdict should be restored.

Order reversed, and judgment directed to be entered for plaintiff on the verdict, with costs. All concur.

(38 App. Div. 607.)

In re LONGBOTHAM'S ESTATE.

(Supreme Court, Appellate Division, Second Department. March 24, 1899.)

LIMITATIONS—ACCOUNTING BY ADMINISTRATOR.

The 10-years statute of limitations applicable to suits in equity governs a proceeding to compel an accounting by an administrator, though he has not renounced his trust.

Appeal from surrogate's court, Kings county.

Petition by James F. Longbotham to compel an accounting by Joseph C. Longbotham, administrator of Sarah E. Longbotham, deceased. From an order dismissing the proceeding, petitioner appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Daniel T. O'Brien, for appellant.
Robert H. Wilson, for respondent.

GOODRICH, P. J. In Re Taylor's Estate, 30 App. Div. 213, 51 N. Y. Supp. 609, we held, in an opinion written by the present writer, that where funds had come into the hands of an administratrix, for which she had never accounted, and she had not publicly and officially renounced her trust, the statute of limitations had not commenced to run in her favor. In our consideration of that case we overlooked In re Rogers' Estate, 153 N. Y. 316, 47 N. E. 589, where it was held

that a proceeding to compel an administrator to account is controlled by the 10-year statute of limitations applicable to suits in equity. The orderly administration of justice and obedience to authority compels us to say that our decision in Re Taylor's Estate was erroneous, and our decision of the present appeal must follow the decision in Re Rogers' Estate. Sarah E. Longbotham died in 1880, and letters of administration on her estate were granted to her husband in the same year, but he has never filed any account of his proceedings. The present proceeding was not instituted till November, 1898, 18 years after the appointment of the administrator. The surrogate, on the authority of the Rogers Case, held that the statute of limitations operated, and dismissed the proceedings.

The decree must be affirmed, with costs.

Order of the surrogate of the county of Kings affirmed, with $10 costs and disbursements. All concur.

---

## BASTING v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. March 24, 1899.)

STREET RAILWAY—ACCIDENT TO PASSENGER—EVIDENCE.
 Testimony of plaintiff that, after defendant's car had stopped, she was alighting from the rear platform, with her right hand on the rail of the dashboard, and one foot in the air, ready to step off, when the car started, throwing her "forward," is not necessarily untrue.

Appeal from trial term, Kings county.

Action by Sophie Basting, an infant, by Sophie Loose, her guardian ad litem, against the Brooklyn Heights Railroad Company. From a judgment on a verdict of $6,500 for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

John L. Wells, for appellant.
Robert S. Kristeller, for respondent.

GOODRICH, P. J. The plaintiff, a young woman about 20 years of age, sues to recover damages for injuries resulting from being thrown from a car of the defendant's at the point where it turned from court street into Hamilton avenue. The trial was peculiar in the fact that the plaintiff was the only witness to the accident, but a careful reading of her testimony satisfies me that there was no possible alternative to the submission of the issues to the jury, and it is difficult to predicate error of a submission of questions to the jury when a failure to submit would have involved reversal. The plaintiff's testimony was reasonable, and apparently truthful, although there are certain matters which, if there had been contradictory evidence, might have justified the jury in finding a verdict for the defendant. She testified that the car had stopped, and that she was in the act of alighting from the rear platform, with her right hand upon the rail of the dashboard, and one foot in the air, ready to step off, when the car started, by