## WOODRUFF et al. v. OSWEGO STARCH FACTORY.

(Supreme Court, Appellate Division, Fourth Department. November 19, 1901.)

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

(68 App. Div. 158.)

## In re IRVIN'S ESTATE.

(Supreme Court, Appellate Division, First Department. January 24, 1902.)

1. EXECUTORS—ACCOUNTING—LIMITATIONS—INTERESTED PERSON.

Code Civ. Proc. § 1819, provides that the right of a legatee to maintain an action against the executor for the legacy shall accrue when the executor's account is judicially settled; and section 2606 authorizes any interested person to bring action against the personal representative of a deceased executor to compel an accounting of the proceedings of the deceased executor. Held that, when an executor's accounts have never been judicially settled, a legatee remains an "interested person," entitled to sue under section 2606, though the right to an accounting has been barred by limitation.

2. SAME—RECOGNITION OF TRUST.

Where a will devised property to the executor to hold in trust for testator's children, and use the income for their support during minority,

and the executor made payments in recognition of such trust until the majority of the youngest child, the statute of limitations did not begin to run against the right of an interested party to compel an accounting until the youngest child attained his majority.

3. SAME—REPRESENTATIVE OF DECEASED EXECUTOR—RIGHT TO ACCOUNTING.
    The executrix of a deceased executor may be compelled to file an account of the proceedings of decedent as executor, without regard to whether any of the estate which her decedent received as executor has reached her hands or not; such accounting being necessary as a basis for proceeding against the sureties of the deceased executor.

Appeal from surrogate's court, New York county.

Petition by Mary I. Smith against Mary M. Irvin, as executrix of Richard Irvin, Jr., to require respondent to file an account of the proceedings of Richard Irvin, Jr., as executor of the will of Alexander P. Irvin, deceased. From an order directing the filing of such account, respondent appeals. Affirmed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Lewis S. Haslam, for appellant.
A. Coleman Smith, for respondent.

LAUGHLIN, J. This is a proceeding, under the provisions of section 2606 of the Code of Civil Procedure, by a residuary legatee of Alexander P. Irvin, to require the executrix of his executor to file an accounting of the proceedings of the deceased executor. The authority of the court to make the order for an accounting is challenged upon the ground that the statute of limitations has run against the rights of the petitioner as a residuary legatee, and that therefore she is not a "person interested in the estate," within the meaning of the section of the Code to which reference has been made. The deceased executor never filed an inventory of account, and his accounts have never been judicially determined. He died 11 years, 2 months, and 5 days after letters testamentary had been issued to him. On the 25th day of March, 1896, 17 days after his death, the appellant was appointed his executrix. It seems to be conceded that if the proceedings had been instituted by the successor of the deceased executor the 10-years statute of limitations would control, and that it would not commence to run until the date of the issue of letters to the appellant. The law is so stated in the opinion of the court of appeals in Re Rogers' Estate, 153 N. Y. 316, 47 N. E. 589, where the petitioner, the administrator de bonis non, was the sole residuary legatee and next of kin. The same doctrine was announced in Re Watson, 64 Hun, 369, 19 N. Y. Supp. 637, and in Re Latz, 33 Hun, 618. If the proceeding could have been successfully instituted by anybody, we fail to discover any disqualification on the part of the respondent to initiate it. The contention that the petitioner ceased to have an interest in the property cannot be sustained. Section 1819 of the Code of Civil Procedure, which gave her, as a residuary legatee, a right of action against the executor, expressly provides that the statute of limitations does not commence to run against her claim until the accounts of the executor have been judicially settled. Inasmuch,

therefore, as the accounts of the deceased executor were never judicially settled, her rights are not barred. Her right of action against the executor would doubtless be lost if the action were not commenced within six years after the settlement of his accounts. Butler v. Johnson, 111 N. Y. 204, 18 N. E. 643; Clark v. Ford, 1 Abb. Dec. 359. If, however, on account of the lapse of time, the deceased executor could not have been required to account or turn over the money or property of the estate in his hands, the propriety of placing a construction on this section of the Code which will require the executrix of his estate to do either is not apparent, and it may well be that the court of appeals did not so intend. In Re Rogers' Estate, supra, letters testamentary were issued to the administratrix on the 8th day of July, 1874, and she filed an inventory on the 20th day of October, 1875, but never accounted. She died on the 2d day of January, 1885; that being 10 years, 5 months, and 22 days after her appointment. An accounting could not have been required until 1 year after the issue of letters testamentary (Code Civ. Proc. § 2726), and consequently 10 years had not elapsed between the time when she could have been required to account and the date of her death. Upon the facts of that case, therefore, the only necessary effect of the decision is that, where the statute of limitations has not run against the right to compel an executor to account, his executor may at any time within 10 years after the latter's appointment be compelled to file an account of the proceedings of the deceased executor. In the case at bar more than 10 years elapsed between the time when the executor could have been compelled to account and his death. But even if the running of the statute of limitations against the right to require the deceased executor to account during his lifetime would bar this accounting, still we think that the order can be sustained; for it does not satisfactorily appear that the 10-year statute of limitations had run during the lifetime of the deceased executor.

The will is not before us, but it appears by an affidavit which is not controverted that the decedent devised and bequeathed to his executors both real and personal property to hold in trust, and invest and pay one-third of the net income to his wife for life, and the other two-thirds to each of the surviving children as they respectively became of age, and to pay such sum to each of them during their minority as, in the judgment of the executors, might seem necessary for their support and education; that the testator left four children, the youngest of whom became of age on the 13th day of February, 1895; that he died seised of a three-fourths interest in premises No. 100 Greenwich street, in this city, which property has not been sold, and its income is about $1,200 per annum; that $3,500 was paid by the Manhattan Railway Company for fee damages to said premises, pursuant to an agreement made on the 7th day of April, 1890, between the deceased executor, the owner of the other fourth interest and said company; that no part of said fee damages has been paid to the petitioner, but that she has received remittances from time to time on account of the annual income from such real estate; that the deceased executor

paid a personal tax on this estate from the date of his appointment to the 25th day of February, 1895, on an assessed valuation of $18,000; that on the last-mentioned day the assessment against him, as such executor, was sworn off on the ground that said estate had been distributed. The inference is that the corpus of the estate was devised to the children of the testator, but it is not so expressly stated. It does not appear whether the petitioner was the youngest child, or at what time the other children attained their majority. The wife of the testator did not survive him. It thus clearly appears that the deceased executor held some of the property, at least, in trust until the 13th day of April, 1895, when the youngest child became of age, and that at all times until within about one year of his death he expressly recognized that he held the entire estate in trust, and made payments to the petitioner from time to time of accounts to which he was entitled as residuary legatee. While he acknowledged by these affirmative acts that he held the property in trust as executor, the statute of limitations did not run against the right to require him to account therefor. In re Camp, 126 N. Y. 377, 27 N. E. 799; In re Grandin, 61 Hun, 219, 15 N. Y. Supp. 946; Perkins v. Stimmel, 114 N. Y. 359, 21 N. E. 729, 11 Am. St. Rep. 659. We find nothing in Re Rogers' Estate, supra, which requires us to hold otherwise upon the facts disclosed by this record. Nor are these views necessarily in conflict with the decision in the Second department in Re Longbotham, 38 App. Div. 607, 57 N. Y. Supp. 118, which, on the authority of In re Rogers' Estate, overruled its former decision in Re Taylor's Estate, 30 App. Div. 213, 51 N. Y. Supp. 609. Each of these cases arose on a proceeding to compel an executor to account during his lifetime; and it does not appear in the reported decision of either, as is shown in the case at bar, that the executor affirmatively acknowledged his trust while it was claimed that the statute of limitations was running.

Whether any of the estate of Alexander P. Irvin has come into the possession of appellant or not, she presumably has the possession of his books, records, and papers, and is best able to show what trust property reached his hands, and his administration of it. The accounting will not be binding upon her, except to the extent that the trust property reached her hands; and such an accounting is essential for the purpose of enabling the petitioner to determine the amount owing to her by the estate, and as a basis of a proceeding by her against the sureties of the deceased executor, or otherwise, to compel payment thereof. Code Civ. Proc. §§ 2552, 2606; In re Fithian, 44 Hun, 457, 460; Perkins v. Stimmel, supra. Of course, the appellant cannot be compelled to deliver over to the respondent any part of the estate which may have come into her custody; but she can be compelled to deliver the same to the other executor of the testator who has qualified since the death of the former executor, provided the statute of limitations has not run against the right. In re Moehring, 154 N. Y. 423, 48 N. E. 818; In re Fithian, supra.

Upon a proceeding of this nature, it is not proper to deny the relief upon the ground that the statute of limitations has run against the remedy, unless all the facts upon which the running of the statute of limitations might depend are clearly shown. A person obtaining possession of property as executor should not be permitted to acquire title thereto by failure of those interested to require him to account, unless there is no avenue of escape from such an inequitable result. If there be any doubt about the facts, the better practice is to grant the order. The facts may be clearly presented on the account filed pursuant to the order, or on the proceedings subsequently had thereon. And this seems to have been the primary purpose of the enactment. In re Latz, supra; In re Fithian, supra. The application of the statute of limitations may then be determined more satisfactorily when it is sought to enforce some right based on the accounting.

The order should therefore be affirmed, with $10 costs and disbursements. All concur.