1. LIMITATIONS—ACCOUNTING BY EXECUTRIX.
>   Motion by the trustee to compel the executrix of a former trustee to account, that such trustee may be paid a judgment which he recovered as such in an action against the executrix for an accounting of the trust, is barred by the six-years statute of limitation.

In the matter of the estate of Augustus Cruikshank.   Motion to compel an accounting.   Denied.

George Putnam Smith, for petitioner.
Louis A. Noble, for respondent.

CHURCH, S.   This is a motion by a judgment creditor of the estate to compel an accounting under section 2727 of the Code.   Decedent died October 4, 1894.   Letters testamentary were issued herein on November 2, 1894.   The decedent had been trustee of the estate of Benjamin Lord, deceased.   The present petitioner was appointed as such trustee January 21, 1895.   In May, 1895, said trustee brought an action for an accounting against said executrix, and the executrix made an account of the acts of said deceased trustee, showing a balance of $3,921.17, which she paid over to the petitioner.   Certain assets came into the hands of the executrix, which she distributed. Thereafter the said petitioner, as the said trustee, on June 17, 1899, obtained a judgment in said action against the executrix herein for $17,968.77, and a transcript was duly filed in this county July 15, 1902.   It is contended that this motion, being made after the six-year statute of limitations, is barred.   Counsel for the petitioner contends that the right to such an accounting is absolute, under authority of Matter of Taylor's Estate, 30 App. Div. 213, 51 N. Y. Supp. 609; but the Appellate Division, in Matter of Longbotham, 38 App. Div. 607, 57 N. Y. Supp. 118, stated that they had overlooked Matter of Rogers' Estate, 153 N. Y. 316, 47 N. E. 589, and that therefore their decision in Matter of Taylor was erroneous.   They also stated that such case decided "that a proceeding to compel an administrator to account is controlled by the ten-year statute of limitations applicable to suits in equity."   The statute of limitations thus does apply to this proceeding, the only question being whether it is the six or the ten year period.   In the Longbotham Case the period was considerably in excess of ten years, so it made no difference which period applied.   It seems to me that the court, in the Matter of Longbotham, mistook the decision of the Court of Appeals by interpreting it to mean that all proceedings to compel an executor to account were controlled by the ten-year statute of limitations only. The learned court says in Matter of Rogers' Estate, 153 N. Y. 323, 47 N. E. 591:

"If Mrs. Moore had applied as next of kin, her proceedings would have been analogous to an action at law to recover a demand that was due, and hence would have been governed by the shorter period named."

Here the application is made to "recover a demand that was ·due," and, being made after more than six years, is barred by the statute of limitations.

Motion denied.