guilty of the charges, and removed him from his position as attendant. The justice assumed to act pursuant to the provisions of section 1373 of the Greater New York Charter, Laws 1901, p. 586, c. 466, as amended by Laws 1902, p. 1173, c. 497. By the provisions of this section, the justice was authorized to remove an attendant and other persons employed about the court upon preferring charges and giving an opportunity for an explanation. No other hearing or trial is provided in the section. This provision of the charter, however, is to be construed in connection with the laws which secure the rights of veterans. By chapter 370, p. 809, Laws 1899 (section 21), as amended by chapter 270, p. 805, of the Laws of 1902, it is provided that no honorably discharged soldier who served in the Volunteer Army during the Spanish War shall be removed from the position or employment held by him, except for incompetence or misconduct shown "after a hearing upon due notice, upon stated charges, and with the right to such employé or appointee to a review by a writ of certiorari." This court has held that this provision of law operates as a restriction upon the power of removal in the case of veterans, even though the authority under the local law to remove is at the discretion of the officer exercising the authority. People ex rel. Thain v. Constable, 65 App. Div. 176, 72 N. Y. Supp. 535; People ex rel. O'Connor v. Brady, 49 App. Div. 238, 63 N. Y. Supp. 145. The fact that the term of the appointment of the relator had expired does not militate against this view. He was not removed for such cause, and he was recognized as properly holding the position by the proceedings which were taken to effectuate his removal. It follows that such removal was without authority of law.

The writ of certiorari should be sustained, the proceedings removing the relator annulled, and the relator reinstated in his position, with $50 costs and disbursements. All concur.

---

(98 App. Div. 7.)

## In re MEYER'S ESTATE.

(Supreme Court, Appellate Division, First Department. November 11, 1904.)

1. EXECUTORS—PROCEEDING FOR ACCOUNTING—PERSONS ENTITLED TO MAINTAIN.

   Children of a deceased testator have, by operation of law, such an interest in his estate as to entitle them to maintain against the executor a proceeding for an accounting under Code Civ. Proc. § 2727.

2. SAME—LIMITATIONS—REPUDIATION OF TRUST.

   An executor who takes possession of the property of the testator becomes a trustee for the persons entitled to take under the will, and therefore limitations barring a proceeding to compel him to account do not begin to run until by some act he repudiates his liability as trustee.

3. SAME—PLEADING.

   An executor, in order to defeat a proceeding to compel him to account on the ground of limitations, must allege in his answer not only the requisite lapse of time, but also that such lapse occurred after the repudiation by him of the trust relation.

   Van Brunt, P. J., dissenting.

---

¶ 1. See Executors and Administrators, vol. 22, Cent. Dig. § 1980.

Appeal from Order of Surrogate, New York County.

In the matter of the estate of John D. Meyer, deceased. From an order of the Surrogate's Court requiring Carsten H. Meyer, executor, to file his account, said executor appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Terry Smith, for appellant.

David K. Case, for respondent.

HATCH, J. It is averred in the petition, and admitted by the answer of the executor, that Carsten H. Meyer was duly appointed executor of the last will and testament of John D. Meyer, deceased, on the 28th day of February, 1890; that the will of the testator was admitted to probate on the 28th day of February, 1890, and letters testamentary were issued to the respondent, Meyer. The petition further avers that John D. Meyer, prior to his death, was engaged in active business in New York City, of which business the executor took possession, together with other personal property of the estate. This averment of the petition is not denied by the answer. The proceeding was instituted on or about the 21st day of December, 1903, and the order from which this appeal is taken was made and entered on the 14th day of March, 1904. It therefore appears that 13 years and upwards had elapsed between the time when letters testamentary were issued and the date of the application, and between that period and the entering of the order requiring the executor to account was 14 years and 14 days. The executor relies in the answer which he has made solely upon the statute of limitations to defeat this proceeding. Such was the position taken in the court below, and it is reasserted in this court. The petition instituting this application is meager in the extreme. It is not accompanied by the will of the testator, nor are the particular interests of the petitioners in and to the property devised or bequeathed by the will set out. In this respect it is faulty to the last degree. It does appear, however, that the petitioners are children of the deceased testator, and this relation creates an interest in the estate by operation of law. By the provisions of section 2727 of the Code of Civil Procedure a person interested in the estate may maintain the proceeding for an accounting by an executor. It is disclosed upon the face of the petition that they are persons having an interest in this estate, and therefore have standing to maintain the proceeding. They are clearly entitled to the relief asked for, unless the claim is barred by the statute of limitations. It stands undisputed that the respondent qualified and entered upon the duties of his office as executor, and received and took possession of the property of the testator. By virtue of the relation thus created the executor became trustee of those persons entitled to take pursuant to the provisions of the will. Occupying such relation, the statute of limitations should not begin to run until by some act sufficient for the purpose he repudiated his liability as trustee. Such is the express holding of this court in a proceeding in many respects similar to the present. Matter of Jones, 51 App. Div. 420, 64 N. Y. Supp. 667. There is nothing in this very meager record to show that the trustee

has ever repudiated his trust or denied liability in any form to his cestui que trust. The question, therefore, presented is, upon whom devolved the duty of showing that the statute had run, so as to be available as a defense to the application for an accounting? If upon the petitioners, then they have failed, because nothing is said upon the subject. If upon the defendant, then we must hold that the bare statement of the lapse of time is sufficient to defeat the application. Nothing contained in the answer, however, discloses anything more than mere lapse of time, and this of itself would not be sufficient, because, in order to make the statute available, there must have been such lapse of time after the repudiation of the trust relation. In Matter of Irvin, 68 App. Div. 158, 74 N. Y. Supp. 443, this court said, in speaking of a similar question:

"Upon a proceeding of this nature it is not proper to deny the relief upon the ground that the statute of limitations has run against the remedy, unless all the facts upon which the running of the statute of limitations might depend are clearly shown. A person obtaining possession of property as executor should not be permitted to acquire title thereto by failure of those interested to require him to account, unless there is no avenue of escape from such an inequitable result. If there be any doubt about the facts, the better practice is to grant the order. The facts may be clearly presented on the account filed pursuant to the order or on the proceedings subsequently had thereon. This seems to have been the primary purpose of the enactment. * * * The application of the statute of limitations may then be determined more satisfactorily when it is sought to enforce some right based on the accounting."

In Matter of Wagner, 119 N. Y. 28, 23 N. E. 200, the court, in discussing the power of the surrogate to order an accounting, held that the Code provisions did not deprive the surrogate of discretion in disposing of the matter, and that, where it appeared upon the face of the proceedings that there existed a bar to the accounting (in that case of a settlement out of court), the surrogate was authorized to deny the application. The effect of this decision would seem to be that the defense relied upon must be so stated that the court can see that the particular bar relied upon actually exists. When it does, a dismissal of the proceedings is justified. When it does not, then it is the duty of the surrogate to order the accounting. In the present case it does not so appear. On the contrary, all of the facts may exist, as set forth in the answer of the executor, and still the statute of limitations not have run against the right of the petitioner to an account, or in favor of the executor exonerating him from liability; for, unless he has repudiated his trust relation, he will remain liable, and this is nowhere asserted in the answer, nor does it otherwise appear. This holding is not in conflict with the rule announced in Matter of Rogers, 153 N. Y. 352, 47 N. E. 452. Therein the question of the running of the statute of limitations, as applied to a trustee where the trust relation continued to exist and there had been no denial at any time of the right of the cestui que trust, was not involved, and was not considered, nor has such rule, so far as we are aware, ever been denied. None of the cases relied upon by the appellant in any wise conflict with this rule. It is not necessary that we examine them all, as they are clearly distinguishable. We reach the conclusion, therefore, that the learned surrogate was correct in holding that a case was made requiring an accounting, and that the

executor, in order to defeat it, must show a state of facts in his answer, which, if proved, would establish the statute of limitations as a bar. This he has not done.

The order should, therefore, be affirmed, with $10 costs and disbursements.

PATTERSON, O'BRIEN, and LAUGHLIN, JJ., concur. VAN BRUNT, P. J., dissents.