this plaintiff to file his accounts as receiver, we think the court might well have given to this case a preference.

It would appear that the main question here is whether the bank is a bona fide holder for value before maturity of these notes. That question can certainly be disposed of without a protracted trial, so that the rights of other litigants will not be seriously affected by allowing this action to be promptly disposed of. The delay of the plaintiff in promptly commencing the action and noticing the case for trial should not be given controlling influence in an action where the plaintiff sues as receiver. If the plaintiff were a private individual seeking to enforce his rights, I should be disposed to think that his failure to promptly notice the case for trial after it was at issue would be a sufficient reason for denying his application; but under the circumstances I do not think that the delay should defeat the right of the people to have the offices of this insolvent corporation closed up as soon as possible; and to accomplish this, and to enable the receiver to comply with the order of the court and render the final accounting at the time required, the order should be reversed, and the plaintiff awarded a preference on the Trial Term calendar, with $10 costs and disbursements of this appeal, to abide the final event of the action. All concur.

---

In re ASHHEIM'S ESTATE.

(Supreme Court, Appellate Division, First Department. February 9, 1906.)

EXECUTORS—PROCEEDING FOR ACCOUNTING—LIMITATIONS.

An executor who takes possession of the estate of the testator and manages the same contrary to the provisions of the will, requiring him to pay a specified sum to a trustee, cannot defeat a proceeding to compel him to account by merely showing that the proceeding was instituted after 10 years from the granting of the letters to him, so that the rights of the trustee are barred by limitations.

Appeal from Surrogate's Court, New York County.

Proceedings to require Aaron Cohn, executor under the will of Solomon W. Ashheim, deceased, to file an account. From an order directing the executor to file same, he appeals. Affirmed.

Argued before O'BRIEN, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Sol. A. Cohn, for appellant.
John De Witt Warner, for respondent.

LAUGHLIN, J. The letters testamentary were issued to the appellant on the 25th day of October, 1884, and they have not been revoked. The executor filed no inventory, and he has never accounted. By a codicil duly admitted to probate with the will, the testator gave the sum of $48,000 to the United States Trust Company of the city of New York, "in trust to invest the same and to receive the interest and income thereon and to apply such income and interest to the use of" his sister Jeanette during her life and on her decease. He directed that said trust fund be distributed among such of her children as survived her and the

then living issue of any deceased child, "to be divided between them per stirpes and not per capita." The proceeding for the accounting was instituted on the 6th day of September, 1905, by two surviving children of a deceased child of said Jeanette Cohn, who are together entitled to receive one-eighth of said fund. The life beneficiary of the trust fund is still living. The moving papers show that the estate that came into the hands of the executor was more than sufficient to pay all debts, expenses, bequests, and legacies, including the trust fund of $48,000 to the trust company; but that the executor has failed, neglected, and refused to pay over to the trust company the said sum of $48,000, and has held, controlled, and managed, and still holds, controls, and manages, the said fund contrary to the terms and provisions of the codicil. On the return day of the citation the executor filed an answer, alleging "that this proceeding was commenced after the expiration of seven years and after the expiration of ten years from the grant of letters to this respondent," but not denying any of the facts set forth in the moving papers.

. It is strenuously urged that, as the executor was not a trustee in the strict sense of the term, he has obtained individually, by the mere lapse of time, good title to this property that came into his hands as executor under a commission from the court by which he was required to account therefor, and that the statute of limitations is a bar to the proceeding. This court has frequently held that the statute of limitations does not commence to run in favor of a trustee until he openly repudiates the trust, and asserts and exercises individual ownership over the trust property. Matter of Irvin, 68 App. Div. 158, 74 N. Y. Supp. 443; Matter of Jones, 51 App. Div. 420, 64 N. Y. Supp. 667.

We have also in the interest of honesty extended the rule by analogy to the case of executors who are trustees in a sense, even though they be not, strictly speaking, trustees, and we have established the rule that unless the facts upon which the running of the statute of limitations depends are clear and uncontroverted mere lapse of time is not a bar to the accounting, and that the question as to whether the statute of limitations is a bar to any claim made by the petitioners should not be decided before the accounting is had. Matter of Irvin, supra; Matter of Meyer, 98 App. Div. 7, 90 N. Y. Supp. 185, affirmed 181 N. Y. 553, 74 N. E. 1120. In these cases we review the principal authorities upon which the appellant relies, and it is not necessary to distinguish them again. Here the statute of limitations may or may not be a bar. Many material facts essential to a correct decision of the question are not disclosed. The executor relies on the mere lapse of time, which alone is not a defense to a proceeding to compel him to account. Not only has this rule been frequently promulgated by this court, but it has been finally approved by the Court of Appeals in affirming our decision in Matter of Meyer, supra, on the opinion of this court and answering in the negative the question certified:

"In the absence of any act of an executor repudiating his liability as trustee, is the lapse of 13 years and 9 months from the time of the issue of letters testamentary a bar to a proceeding to compel the executor to account?"

Therefore the question as to whether the right of the petitioners to compel the executor to pay over this fund to the trust company is

barred by the statute of limitations must be left open, and the order requiring the executor to account should be affirmed, with $10 costs and disbursements.　All concur.

---

### BOLLER v. BOLLER et al.

(Supreme Court, Appellate Division, First Department.　February 23, 1906.)

DIVORCE—APPEARANCE BY CO-RESPONDENT—RIGHT TO RETRIAL.

Under Code Civ. Proc. § 1757, subd. 2, providing that in an action for divorce on the ground of adultery any co-respondent shall have the right at any time before the entry of judgment to demand a copy of the summons and complaint and to appear and defend the action so far as the issues affect him, a co-respondent who does not demand a copy of the summons and complaint until after a trial of the issues of fact in which the co-respondent appeared as a witness is not entitled to a retrial of the issues of fact relative to adultery.

O'Brien, P. J., and McLaughlin, J., dissenting.

Appeal from Trial Term, New York County.

Action by William N. Boller against Naomi S. Boller, in which Theodore E. Lawton was named as co-respondent.　From an interlocutory judgment awarding plaintiff a divorce from defendant, she and co-respondent appeal.　Affirmed.

See 89 N. Y. Supp. 200.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, LAUGHLIN; and CLARKE, JJ.

George A. Stearns, for defendant-appellant Boller.

Joseph P. Joachimsen, for appellant Lawton.

Henry W. Bookstaver, for respondent.

INGRAHAM, J.　The appeal in this case presents a question arising under section 1757 of the Code of Civil Procedure which does not appear to have been before decided.　The action was brought for an absolute divorce against the defendant; the complaint charging that she at various times in the months of June, July, August, and September, 1903, committed adultery with one T. E. Lawton.　The defendant interposed an answer denying the adultery, whereupon on the 12th day of January, 1904, an order was entered by the Special Term directing that the issues of fact raised by the pleadings be tried by a jury.　Those issues were tried on February 5, 1904, and the jury found as to all of them in favor of the plaintiff, whereupon the case was brought on at the Special Term for final judgment.

On March 25, 1905, before the hearing for final judgment, the co-respondent served upon the plaintiff by mail a demand for the service of the summons and complaint.　In pursuance of that demand, the plaintiff served on the attorney for the co-respondent on March 28, 1905, a summons and complaint.　Thereafter, on April 17, 1905, the co-respondent served an answer to the complaint.　On the 24th day of April, 1905, the case came on for hearing at the Special Term.　The plaintiff and the defendant answered ready, but the co-respondent appeared and moved that the cause be stricken from the calendar upon