### In re ANDERSON.

(Supreme Court, Appellate Division, Second Department. November 22, 1907.)

1. EXECUTORS—ACCOUNTING—LIMITATIONS.

Limitations do not run in favor of an executor against one otherwise entitled to an accounting until the executor has by some act openly repudiated his trust.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, § 2014.]

2. SAME.

Where an executor is engaged in the discharge of his duties as such, and is maintaining a proceeding to recover money claimed by him to belong to the estate of the testator, that he may distribute it under the will, the right of a legatee to require the executor to account is not barred.

by limitations, though 12 years and 9 months have elapsed since the issuance of letters testamentary.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, § 2014.]

3. SAME.

Lapse of time is not of itself a defense to a petition of a legatee to require the executor to account, and the question should not be decided before the accounting is had.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, § 2014.]

Appeal from Surrogate's Court, Kings County.

Application by Peter Anderson to require John Z. Lott, executor of Nancy Anderson, deceased, to render and settle his account as executor. From an order of the Surrogate's Court denying the petition, the petitioner appeals. Reversed, and order directing the executor to render and settle his account granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAYNOR, HOOKER, and RICH, JJ.

T. Ellett Hodgskin, for appellant.

Fortescue C. Metcalfe, for respondent.

RICH, J. This is an appeal from an order made by the surrogate of Kings county denying the petition of the appellant, who sought to compel the executor of the estate of Nancy Anderson, deceased, to render and settle his account. The petitioner is a legatee named in the last will and testament of said deceased, and alleges in his petition that his legacy is due and unpaid and that Lott has never rendered an account of his proceedings as executor.

It appears from the answer of the executor that there came into his hands upon the death of testatrix the sum of $1,862.14, which he distributed among the legatees named in her will, paying to the petitioner his share thereof; that in August, 1899, the petitioner came into the possession of further assets belonging to the estate of Nancy Anderson, of which he retained an amount more than sufficient to pay his legacy, and on the 31st day of that month paid to the executor the sum of $1,567.50 on account of the share of a half-brother of the petitioner and one of the legatees under the will of said Nancy Anderson; that the petitioner was not entitled to any portion of the sum so paid; that he had prior to the time of such payment received the entire legacy to which he was entitled under said will; and that no money belonging to the estate of Nancy Anderson was in the hands of the executor. It is also alleged that 12 years and 9 months had elapsed since the issuance of letters testamentary, 11 years and 9 months since the distribution of the $1,862.14, and 7 years and 6 months since the petitioner paid to the executor the $1,567.50.

Upon the return day of the citation the petitioner filed with the surrogate an affidavit made by the executor 9 days before in a proceeding instituted by him to compel the petitioner in this proceeding to account, as the surviving executor of Francis Anderson, for the money which in this proceeding the executor alleges the petitioner received belonging to the estate of Nancy Anderson and retained, which it is

claimed paid the petitioner's legacy in full. From this affidavit it appears that Francis Anderson died in 1883, leaving a last will and testament.in and by which he bequeathed all of his personal estate to his widow, said Nancy Anderson; that at the time of his death he had certain money on deposit in a savings bank, which under his will passed to his widow, who did not in her lifetime withdraw or take possession of it, and upon her death, subsequent to that of her husband, it was discovered that such money was on deposit to the credit of "Francis Anderson"; that upon inquiry at the bank affiant was informed that the money would not be paid to any person other than the executor of said Francis Anderson, and on August 31, 1899, the petitioner as such executor withdrew said deposit, then amounting to $4,567.50, from which he seems to have retained $3,000 and paid the balance to the executor of Nancy Anderson. The affidavit further states:

"That said Peter Anderson has requested this deponent to file his account as executor of said Nancy Anderson, but deponent up to the present time has refused so to do until said Peter Anderson pays over to this deponent the whole money withdrawn by him from said savings bank for distribution by deponent under the last will and testament of said Nancy Anderson, deceased."

In denying petitioner's motion the learned surrogate wrote no opinion, and there is nothing in the record indicating the grounds upon which he based his decision. It is well settled that the statute does not commence to run in favor of a trustee or executor, against one otherwise entitled to an accounting, until such representative has by some act openly repudiated his trust and liability. Matter of Ashheim, 111 App. Div. 176, 97 N. Y. Supp. 607, affirmed without opinion 185 N. Y. 609, 78 N. E. 1099. We are unable to find in this record any act of the executor that would set the statute of limitations running in his favor. He shows that he is yet engaged in the discharge of his duties as executor by instituting a proceeding to recover money claimed by him to belong to the estate of testatrix, that he might distribute it under the provisions of her will, and in his affidavit says, substantially, that he does not propose to account until such money is paid to him. We think the petitioner is entitled to have the questions presented by his petition and the answer of the executor determined in Surrogate's Court, and that right is not barred by the statute of limitations. It may be, however, that the evidence will disclose that the statute has run; but that does not appear in this record. The executor seems to rely on the mere lapse of time, which is not of itself a defense to the petitioner's attempt to compel him to account, and such question should not be decided before the accounting is had. Matter of Irvin's Estate, 68 App. Div. 158, 74 N. Y. Supp. 443; Matter of Ashheim, supra; Matter of Meyer, 181 N. Y. 553, 74 N. E. 1120.

The order of the Surrogate's Court is reversed, and an order directing the respondent to render and settle his account in the Surrogate's Court of the county of Kings granted, with costs to the appellant payable out of the estate. All concur.