(163 App. Div. 41)

## In re WATSON.

(Supreme Court, Appellate Division, Second Department.   June 26, 1914.)

1. PLEADING (§ 129*)—ANSWER—ADMISSION BY FAILURE TO DENY.

Where the petition by a creditor for an accounting by executors alleged that no part of plaintiff's judgment had been paid and no leave to issue execution had been granted by the surrogate, an answer denying knowledge or information respecting the leave to issue execution impliedly conceded nonpayment of the judgment.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 270–275; Dec. Dig. § 129.*]

2. JUDGMENT (§ 876*)—PAYMENT—PRESUMPTION FROM LAPSE OF TIME—"MANDATE."

Under Code Civ. Proc. § 376, providing that a final judgment or decree for a sum of money rendered in a Surrogate's Court or court of record is presumed to be paid and satisfied 20 years from the time when the party recovering it was first entitled to a mandate to enforce it, and section 1825, providing that an execution shall not be issued against any executor or administrator in his representative capacity until an order permitting it to be issued has been made by the surrogate, where no leave to issue execution was ever granted by the surrogate and there were substantially no assets in the hands of the executors, and an application for such leave would therefore presumably have been denied, there was no presumption of payment defeating the creditor's right to an accounting, since the "mandate" mentioned in section 376 is an execution issued to a sheriff or a like command to one in a ministerial office, and an order of the surrogate to show cause why the executor should not account under section 2727, authorizing the surrogate to issue such an order on the petition of a creditor, is not such a mandate as is intended.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1648–1652; Dec. Dig. § 876.*

For other definitions, see Words and Phrases, vol. 5, p. 4331; vol. 8, p. 7715.]

3. EXECUTORS AND ADMINISTRATORS (§ 453*)—ACTIONS—JUDGMENT—OPERATION AND EFFECT.

A judgment against executors in their representative capacity does little more than settle and liquidate the amount of the liability, as the estate still remains under the direction and control of the surrogate.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1884–1908; Dec. Dig. § 453.*]

4. EXECUTORS AND ADMINISTRATORS (§ 470*)—ACCOUNTING—LIMITATIONS.

Because of the fiduciary relation between executors and a creditor of the estate, the creditor's right to an accounting is not barred by mere lapse of time.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2014–2017; Dec. Dig. § 470.*]

5. PLEADING (§ 8*)—CONCLUSIONS OF LAW.

In a proceeding by a creditor to require executors to account, an allegation of the answer, in connection with a defense of limitations, that the executors had repudiated the trust, was a conclusion of law and could not avail without strict proof of such repudiation.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½; Dec. Dig. § 8.*]

Appeal from Surrogate Court, Westchester County.

Application by Henry R. C. Watson for a compulsory accounting of the proceedings of Elizabeth T. Watson and another as executors of

William Watson, the younger, deceased. From a decree dismissing the petition, the applicant appeals. Reversed, and application granted.

Argued before JENKS, P. J., and BURR, RICH, STAPLETON, and PUTNAM, JJ.

James J. Allen, of New York City, for appellant.
Edw. W. Davidson, of New Rochelle, for respondents.

PUTNAM, J. The petitioner moved for an accounting as a creditor, by virtue of ownership by assignment and survivorship of a judgment for $29,020.89, rendered in the Supreme Court and docketed against the respondents in their representative capacities, in January, 1891.

The petition averred (4) that no part of said judgment had been paid, and that no leave to issue execution against said executors had ever been granted by the surrogate of Westchester county, from whose court had issued the letters testamentary.

[1] The amended answer, denying knowledge or information respecting the leave to issue execution, impliedly conceded nonpayment of the judgment. It went on to show that the executrix had paid legacies to the amount of $9,000 more than 20 years prior to commencement of this proceeding, "and the remaining $249.95 was paid and applied by the said Elizabeth .T. Watson, as executrix, towards the legal expenses in probating the will." By decree of the Surrogate's Court, dated February 17, 1890, the sum of $726.80 was charged against the estate on account of such legal expenses of probating said will. It also denies having any assets of the estate for more than 20 years prior to the institution of these proceedings. It also sets up the presumption of payment (Code Civ. Proc. § 376) by expiration of 20 years, and asserts that hence petitioner is not a creditor entitled to take these proceedings.

In connection with a plea of the six-year limitation to call the executors to account, the answer avers that the payments to the legatees (which were before the judgment) amounted to a repudiation of any alleged trust relation that may have existed between these executors and the petitioner's predecessors.

[2] The reply urged that petitioner's status as a creditor had been judicially established as against the executors, who have not repudiated or renounced their stewardship herein; that the statutory presumption and limitation, also set up, never began to run as against the judgment creditor or his successor this petitioner herein.

Upon a hearing upon these pleadings, the learned surrogate dismissed the petition, on the ground that by the lapse of 20 years the judgment is conclusively presumed to be paid.

Section 376 is:

"A final judgment or decree for a sum of money, or directing the payment of a sum of money, heretofore rendered in a Surrogate's Court of the state, or heretofore or hereafter rendered, in a court of record within the United States, or elsewhere, or hereafter docketed * * * is presumed to be paid and satisfied, after the expiration of twenty years from the time, when the party recovering it was first entitled to a mandate to enforce it. This presumption is conclusive" (except in case of part payment, or acknowledgment in writing).

In the Revised Statutes this period by which a judgment should be presumed to be paid ran "from the time of the signing and filing such judgment or decree" (part 3, c. 4, tit. 2, art. 5, § 47; 2 R. S. p. 301 [Ed. 1829]).

The Code of Civil Procedure, § 376 (Throop's Code) first enacted this condition that the judgment creditor should be "entitled to a man-. date to enforce" the judgment. This expression "mandate to enforce" is to be read with chapter 2 of the Code, which deals expressly with execution of civil mandates. This change from the Revised Statutes indicates: First. The period of limitation no longer runs from recovery and entry of judgment, as respondent contends. Second. The expression "entitled to a mandate to enforce" the judgment refers to, and only to, an execution issued to a sheriff, or a like command to one in a ministerial office. In dealing with this section, this court, by Woodward, J., said:

"A mandate * * * is a judicial command or precept issued by a court or magistrate directing the proper officer to enforce a judgment, sentence or decree." Seaman v. Clarke, 60 App. Div. 416, 421, 69 N. Y. Supp. 1002, 1005.

Hence there must not only be an order judicially given, but to be a mandate such order must go to an administrative officer, as a sheriff or coroner, who, under it, is to perform some act carrying out a decree or judgment. Hence the surrogate's citation or order to show cause (Code Civ. Proc. § 2727) is not a "mandate" within section 376 of the Code of Civil Procedure. Therefore the words of the section are as if the text had been "twenty years from the time when the party recovering the judgment was first entitled to an execution or other decree or order to enforce it."

The reform introduced by Mr. Throop was designed to limit the need for execution against executors. His report stated that he aimed to "render the actual issuing of an execution unnecessary, in the great majority of cases. In general, there can be no necessity for such a step, unless the executor or administrator is perverse." Throop's Code, 1876, § 1826 note.

The surrogate is to direct the administration, and by his order alone can an execution be issued against executors. Code Civ. Proc. §§ 1825, 1826. If granted, the execution may be only for the judgment creditor's proportionate part of all the assets (section 1826). In this proceeding, the fact of nonpayment is admitted. The answer showing substantially no assets after February 17, 1890, has by that negative fact taken away any ground by which the judgment creditor would be entitled to have any execution, as such leave would be vain where there were no assets or property to be levied upon.

[3] The judgment against executors in their representative capacity differs from other judgments. It does little more than settle and liquidate the amount of the liability. The estate is still impounded by the law and remains under the direction and control of the surrogate. Willis v. Sharp, 115 N. Y. 396, 22 N. E. 149, 5 L. R. A. 636; Schmitz v. Langhaar, 88 N. Y. 503, 511, 512. Can one be said to be entitled to a mandate to enforce it, when the issue of the mandate rests in the discretion of the Surrogate's Court, and no ground to call for that ex-

ercise of discretion appears, but instead the facts shown by the executors themselves present a sure ground to deny such leave for a useless form? Belfer v. Ludlow, 143 App. Div. 147, 149, 127 N. Y. Supp. 623.

[4, 5] The judgment creditor therefore was not prevented by Code of Civil Procedure, § 376, from awaiting the accounting of the executors and then asserting his judgment. The learned surrogate did not refer to the attempt to interpose the six-year statute of limitations as to this proceeding for an accounting by the executors. Recent decisions of the Court of Appeals are to the effect that, because of the fiduciary relation, the mere lapse of time should not debar the remedy of accounting. The accounting is to be ordered, leaving such questions thereafter to be determined in the proceedings. In re Meyer, 98 App. Div. 7, 90 N. Y. Supp. 185; Id., 181 N. Y. 553, 74 N. E. 1120; Re Asheim, 111 App. Div. 176, 97 N. Y. Supp. 607; Id., 185 N. Y. 609, 78 N. E. 1099. Of course the averment that the executor has repudiated the trust is but a conclusion of law and cannot avail, without strict proof of such act by one holding a fiduciary relation, as does an executor toward a judgment creditor.

I recommend that the surrogate's decree be reversed, and the application for an accounting be granted, with costs. All concur.