In the Matter of the Estate of EMMA C. BEARD, Deceased.

Surrogate's Court, Kings County, October 13, 1931.

*John C. Judge*, for the petitioner.

*Ernest J. Magan*, for the executor.

WINGATE, S. This proceeding was initiated by a petition seeking a compulsory accounting by the executor of this decedent. The only defense interposed is that of the Statute of Limitations. The decedent died on April 1, 1916, her will being admitted to probate in this court on the twenty-seventh of the same month, on which date letters testamentary were issued to the respondent. The transfer tax proceeding herein was not instituted until 1924. As appraised therein the real and personal property of which the decedent died seized and possessed had a gross value of $24,716.59. The petitioner is a residuary legatee under the sixth item of the will.

In his answer the respondent alleges that on May 17, 1916, an order was made by this court directing advertisement for claims and that such publication was duly had. It is further pleaded that petitioner's right to compel an accounting accrued sixteen days after the expiration of the six months' period of advertising, namely, on November 30, 1916, and that at the time of the commencement of this proceeding, on June 23, 1931, more than fourteen years and six months had expired. This lapse of time, alone, is alleged to constitute a bar to the relief here sought.

In the early case of *Lammer* v. *Stoddard* (103 N. Y. 673) the court said (at p. 673): " It is undoubtedly generally true that as against a trustee of an actual, express, subsisting trust, the statute does not begin to run against the beneficiary until the trustee has

openly, to the knowledge of the beneficiary, renounced, disclaimed or repudiated the trust."

This fundamental rule of law has repeatedly been reaffirmed. Among many determinations to like effect see *Hutton* v. *Smith* (74 App. Div. 284, 290; affd., 175 N. Y. 375); *Matter of Jones* (51 App. Div. 420, 421); *Devoe* v. *Lutz* (133 id. 356, 359); *East Lake Lumber Company* v. *Van Gorder* (105 Misc. 704, 713); *Matter of Deitz* (134 id. 393, 396, 397).

Whereas executors, administrators or guardians may not, in the strict use of the term, be trustees, their respective obligations, at least so far as is presently pertinent, are identical.

In *Matter of Ashheim* (111 App. Div. 176; affd., 185 N. Y. 609) the court says (at p. 177): " It is strenuously urged that as the executor was not a trustee in the strict sense of the term he has obtained individually, by the mere lapse of time, good title to this property that came into his hands as executor under a commission from the court by which he was required to account therefor, and that the Statute of Limitations is a bar to the proceeding. This court has frequently held that the Statute of Limitations does not commence to run in favor of a trustee until he openly repudiates the trust and asserts and exercises individual ownership over the trust property. (*Matter of Irvin*, 68 App. Div. 158; *Matter of Jones*, 51 id. 420.)

" We have also in the interest of honesty extended the rule by analogy to the case of *executors* who are trustees in a sense, even though they be not, strictly speaking, trustees; and we have established the rule that unless the facts, upon which the running of the Statute of Limitations depends, are clear and uncontroverted, mere lapse of time is not a bar to the accounting, and that the question as to whether the Statute of Limitations is a bar to any claim made by the petitioners should not be decided before the accounting is had."

A determination to like effect is found in *Matter of Williams* (57 Misc. 537), where the court says (at p. 540): " Both executors and administrators are trustees with special functions; differing from other trustees in that their office looks to the winding up of an estate and speedy termination of the trust; differing from one and another only in so far as the course of the administration is affected by the provisions of the will, and the personal confidence presumed to be reposed in the executor by the testator. * * *

" There seems to exist no distinction between general guardians, executors and administrators, so far as the right of an interested person is concerned to compel an accounting."

On grounds of public policy it is obvious that unless some basic

distinction should be found to exist between the two varieties of fiduciaries, the same rule should be held applicable to executors as to trustees. On this subject the Appellate Division for the First Department pertinently states in *Matter of Irvin* (68 App. Div. 158, 162): " A person obtaining possession of property as executor should not be permitted to acquire title thereto by failure of those interested to require him to account unless there is no avenue of escape from such an inequitable result."

That the courts have experienced no difficulty in this regard is evident from even a cursory examination of the authorities.

The question here involved was squarely raised in *Matter of Meyer* (98 App. Div. 7). In that case the executor was appointed on February 28, 1890. On December 21, 1903, an application was made by beneficiaries under the will for a compulsory accounting.

In determining that a plea of the Statute of Limitations by the executor was no bar to the relief prayed, the court said (at p. 8): " They are clearly entitled to the relief asked for, unless the claim is barred by the Statute of Limitations. It stands undisputed that the respondent Meyer qualified and entered upon the duties of his office as executor and received and took possession of the property of the testator. By virtue of the relation thus created the executor became trustee of those persons entitled to take pursuant to the provisions of the will. Occupying such relation, the Statute of Limitations would not begin to run until by some act sufficient for the purpose he repudiated his liability as trustee. Such is the express holding of this court in a proceeding in many respects similar to the present. (*Matter of Jones*, 51 App. Div. 420.) There is nothing in this very meagre record to show that the trustee has ever repudiated his trust or denied liability in any form in his *cestui que trust*. The question, therefore, presented is upon whom devolved the duty of showing that the statute had run, so as to be available as a defense to the application for an accounting. If upon the petitioners, then they have failed, because nothing is said upon the subject. If upon the executor, then we must hold that the bare statement of the lapse of time is sufficient (*sic.* insufficient?) to defeat the application. Nothing contained in the answer, however, discloses anything more than mere lapse of time, and this of itself would not be sufficient, because in order to make the statute available there must have been such lapse of time after the repudiation of the trust relation."

Again (at p. 10): " On the contrary, all of the facts may exist, as set forth in the answer of the executor, and still the Statute of Limitations not have run against the right of the petitioner to an account or in favor of the executor exonerating him from liability,

for, unless he has repudiated his trust relation, he will remain liable, and this is nowhere asserted in the answer, nor does it otherwise appear. This holding is not in conflict with the rule announced in *Matter of Rogers* (153 N. Y. 322). Therein the question of the running of the Statute of Limitations, as applied to a trustee where the trust relation continued to exist, and there had been no denial at any time of the right of the *cestui que trust*, was not involved, and was not considered, nor has such rule, so far as we are aware, ever been denied." This determination was affirmed without opinion in 181 New York, 554.

The same question was again raised before the Appellate Division of the First Department in *Matter of Ashheim* (111 App. Div. 176), where letters testamentary had been issued on October 28, 1884, and no account had ever been filed. On September 6, 1905, almost twenty-one years later, an application was made by distributees for a compulsory accounting and there, as here, the defense was interposed that more than ten years had expired since the date on which a compulsory accounting could have been compelled and that all rights thereto were, therefore, foreclosed by limitation.

In overruling this contention the court says (at p. 177): " The executor relies on the mere lapse of time, which alone is not a defense to a proceeding to compel him to account. Not only has this rule been frequently promulgated by this court, but it has been finally approved by the Court of Appeals in affirming our decision in *Matter of Meyer* (*supra*) on the opinion of this court, and answering in the negative the question certified: ' In the absence of any act of an executor repudiating his liability as trustee, is the lapse of thirteen years and nine months from the time of the issue of letters testamentary a bar to a proceeding to compel the executor to account? ' " Here again the decision of the court was affirmed without opinion by the Court of Appeals in 185 New York, 609.

The only break in the even tenor of decisions adverse to the contention of the respondent herein is found in *Matter of Longbotham* (38 App. Div. 607). In *Matter of Taylor* (30 App. Div. 213) the Appellate Division for the Second Department made a determination consonant with those hereinbefore noted, but in the *Longbotham* case they were apparently misled as to the effect of the decision of the Court of Appeals in *Matter of Rogers* (153 N. Y. 316) and expressly overruled their earlier decision in *Matter of Taylor*. It seems entirely apparent that the *Taylor* case was correctly decided and that its reversal in the *Longbotham* case was in no way required by anything said by the Court of Appeals in *Matter of Rogers*. This fact is made especially clear by the careful analysis of the *Rogers* decision in *Matter of Irvin* (*supra*) and its limitation

subsequently affirmed by the Court of Appeals, in *Matter of Meyer* (98 App. Div. 7, at p. 10).

A mere analysis of the facts presented and adjudicated and the holding of the court in the *Rogers* case indicates that it has no application to the question here presented. It is obvious that *Matter of Longbotham* no longer represents the law in this Department, since it was overruled *sub silentio* by the Appellate Division of this Department in *Matter of Watson* (163 App. Div. 41, 44) and again in *Matter of Menahan* (224 id. 139, 141).

Since on the papers before the court no defense is interposed to the application for compulsory accounting other than the mere lapse of time, it is obvious that such accounting must be compelled and a decree to that effect may be entered, requiring the respondent to file his account within five days.

Under all the circumstances disclosed, and in view of the apparent attempt of the respondent to make away with the entire assets of this estate and deprive his colegatees of their interests therein, it may not be inappropriate for the court to suggest that an application under the provisions of subdivision 2 of section 99 of the Surrogate's Court Act for the removal of the executor might not be out of place.

Proceed accordingly.