In the Matter of the Estate of KATHARINE L. GRIFFIN, Deceased.*

Surrogate's Court, New York County, February 25, 1939.

*Howard Campbell & Son*, for the petitioner.

*Sheffield & Betts*, for the executor.

FOLEY, S. It has been conceded upon the minutes of the argument that the petitioner, who seeks to compel the filing of an account by the estate of one of the deceased trustees, had actual notice of the diversion of all the trust funds as early as 1914. By reason of such diversion, the payment of income to the petitioner as life tenant ceased in that year. The surrogate holds that the theft of the entire trust assets by one of the trustees constituted an open repudiation of the trust when knowledge of the theft was brought home to the beneficiary. The Statute of Limitations began to run from the time of the disclosure. The cotrustee who was guilty of the embezzlement died in January, 1918. In the pending proceeding an accounting is sought solely against the estate of the other trustee. He died on January 5, 1936. Thus a period of

---

* See supplemental opinion, 170 Misc. 1066.

twenty-two years had elapsed after the disclosure of the embezzlement and the consequent repudiation of the trust. Apparently because of the family relationship and his innocence of wrongdoing, the petitioner made no attempt to seek an accounting or to proceed otherwise against him during his life.

I accordingly hold that the right of the petitioner to an accounting is barred by the ten-year statute. (*Matter of Rogers,* 153 N. Y. 316; *Matter of Asheim,* 111 App. Div. 176; affd., 185 N. Y. 609; *Matter of Longbotham,* 38 App. Div. 607; *Matter of Polinsky,* N. Y. L. J. Nov. 25, 1933, p. 1958.)

The motion to dismiss the proceeding is granted. Submit order on notice accordingly.